# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

MONTE MABRY,

                Plaintiff,

      v.

CONOCOPHILLIPS COMPANY,
*et al.*,

                Defendants.

Case No. 3:20-cv-00039-SLG

## <u>ORDER RE DEFENDANTS' MOTIONS TO DISMISS</u>

On January 29, 2020, Plaintiff Monte Mabry commenced this action against ConocoPhillips Company and the Benefits Committee of the ConocoPhillips Retirement Plan (together, the "ConocoPhillips Defendants"), and Alight Solutions, LLC in state court. On February 19, 2020, the ConocoPhillips Defendants filed a notice of removal.[1]  On June 5, 2020, Mr. Mabry filed an amended complaint alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") against all Defendants and state tort claims against Alight.[2]

Before the Court at Docket 33 is the ConocoPhillips Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  Plaintiff responded in opposition at Docket 39, to which the ConocoPhillips Defendants replied at Docket 43.  Also before the

---

[1] Docket 1.

[2] Docket 16; 29 U.S.C. § 1001 *et seq.*

Court at Docket 37 is Alight's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff responded in opposition at Docket 41, to which Alight replied at Docket 44. Oral argument was not requested and was not necessary to the Court's determination.[3]

## BACKGROUND AND FACTUAL ALLEGATIONS

In his Amended Complaint, Mr. Mabry states that he began working for Atlantic Richfield Company ("ARCO") in 1980 and began accruing pension benefits under the Atlantic Richfield Retirement Plan ("ARRP").[4] In 1985, Mr. Mabry transferred to ARCO Alaska and continued accruing ARRP pension benefits.[5] By 2001, Phillips Petroleum Company ("Phillips") acquired ARCO Alaska.[6] Mr. Mabry began working for Phillips at that time and became a participant in the Phillips Retirement Income Plan.[7] In 2003, Phillips and Conoco, Inc. merged to become ConocoPhillips.[8] The Phillips Retirement Income Plan and the Conoco Retirement

---

[3] Plaintiff and Defendant Alight each filed Notices of Supplemental Authority addressing the Supreme Court's recent decision in *Rutledge v. Pharmaceutical Care Management Ass'n*, 141 S.Ct. 474 (2020); Dockets 45, 46. Plaintiff and Alight also each filed notices addressing two recent district court decisions; Dockets 47, 48.

[4] Docket 16 at 5, ¶ 14–15.

[5] Docket 16 at 5, ¶ 14–15.

[6] Docket 16 at 5, ¶ 16.

[7] Docket 16 at 5, ¶ 16.

[8] Docket 16 at 5, ¶ 17.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 2 of 38

Plan also merged, forming the ConocoPhillips Retirement Plan (the "Plan").[9]  Mr. Mabry was laid off by ConocoPhillips on April 9, 2009; he was then age 50.[10]

According to the Amended Complaint, Mr. Mabry is a Plan participant.[11] Under the terms of the Plan, each participant receives a fixed periodic payment during retirement based on a formula that is defined in the Plan.[12]  Employees such as Mr. Mabry who were acquired from ARCO are credited for service under the ARRP plus service under the Plan.[13]  The Plan provides that an employee such as Mr. Mabry who was laid off can receive an unreduced early retirement benefit beginning at age 60.[14]  A participant whose benefits commence before age 62 will receive a Social Security make-up benefit each month from when his benefit commences until he turns 62.[15]

ConocoPhillips exercises the authority to appoint and monitor members to the Benefits Committee.[16]  The Benefits Committee is the Plan Administrator of the

---

[9] Docket 16 at 5, ¶ 17.

[10] Docket 16 at 5, ¶ 18.

[11] Docket 16 at 2, ¶ 5.

[12] Docket 16 at 6, ¶ 20.

[13] Docket 16 at 6, ¶ 25.

[14] Docket 16 at 6–7, ¶ 28.

[15] Docket 16 at 7, ¶ 31.

[16] Docket 16 at 3, ¶ 7.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 3 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 3 of 38

Plan as defined by ERISA § 3(16)(a)(i).[17] The Benefits Committee's responsibilities include selecting and overseeing third-party advisors to the Plan, arranging for compliance with participant disclosure requirements, and overseeing maintenance of participant records and administration of the Plan.[18]

The Amended Complaint alleges that the ConocoPhillips Defendants contracted with Alight beginning in January 2008 for Alight to carry out several of the Benefits Committee's responsibilities, including the committee's pension benefit statement responsibilities pursuant to ERISA § 105(a), its responsibility for processing pension applications, and its responsibility for deciding first-level benefits appeals.[19] Alight was also responsible for performing and auditing pension calculations, complying with qualified domestic relations orders ("QDROs") of state courts for the division of pension benefits, and providing retirement counseling to Plan participants.[20] Alight laid out the steps for performing pension calculations for the Plan in a "requirements document."[21] Alight used a proprietary recordkeeping system called Total Benefits Administration ("TBA") to automatically calculate most pension benefits, consistent with the requirements

---

[17] Docket 16 at 3, ¶ 8; 29 U.S.C. § 1002(16)(a)(i).

[18] Docket 16 at 3–4, ¶ 10.

[19] Docket 16 at 4, ¶ 12; 29 U.S.C. § 1025.

[20] Docket 16 at 7–8, ¶ 33.

[21] Docket 16 at 8, ¶ 34.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 4 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 4 of 38

document.[22]   However, there were some pensions that TBA could not calculate automatically, including certain pensions that were subject to QDROs.[23]   In those cases, Alight staff performed the calculations manually using the steps provided in the requirements document.[24]

According to the Amended Complaint, Alight also operated a website in connection with the Plan that provided Plan participants with access to pension benefit information.[25]   A participant could use the website to view an accrued benefit statement that was calculated based on the benefit commencement date the participant chose.[26]

In October 2008, the Alaska Superior Court issued a QDRO that awarded 72.5% of Mr. Mabry's pension benefits accrued as of March 31, 2008 to his former spouse as an alternate payee.  The QDRO was submitted to ConocoPhillips and/or Alight.[27]   On December 8, 2008, ConocoPhillips wrote Mr. Mabry and the alternate payee to inform them that consistent with the QDRO's terms, the alternate payee's benefit would be segregated as a separate defined benefit solely under her

---

[22] Docket 16 at 8, ¶¶ 36, 40.

[23] Docket 16 at 9, ¶ 43.

[24] Docket 16 at 9, ¶ 42.

[25] Docket 16 at 8, ¶ 38.

[26] Docket 16 at 8, ¶ 39.

[27] Docket 16 at 9, ¶ 45.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 5 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 5 of 38

name.[28]  On December 16, 2008, ConocoPhillips wrote to Mr. Mabry and the alternate payee again and repeated that the alternate payee's benefit would be segregated, and included a calculation of the alternate payee's benefit.[29]  Alight calculated the alternate payee's benefit to be $2,181.68 per month.[30]

The Amended Complaint alleges that after leaving ConocoPhillips on April 9, 2009, Mr. Mabry regularly used Alight's website to view his pension benefit based on various hypothetical commencement dates.[31]  Alight's website provided him with multiple statements over the course of several years that indicated he could receive a $3,916.07 monthly annuity for life beginning at age 60.[32]  These automatically generated statements overstated Mr. Mabry's annuity by $2,181.68 per month because they did not deduct the alternate payee's benefit. The statements also estimated an alternative lump sum payment for Mr. Mabry of more than $600,000, which likewise did not account for the QDRO.  Mr. Mabry was unaware of this mistake.[33]

---

[28] Docket 16 at 9–10, ¶ 47.

[29] Docket 16 at 10, ¶ 48.

[30] Docket 16 at 10, ¶ 49.

[31] Docket 16 at 11, ¶ 59.

[32] Docket 16 at 2, ¶ 4; Docket 16 at 11–12, ¶¶ 59–60; Docket 16-1, Exhibit A.

[33] Docket 16 at 12, ¶ 62.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 6 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 6 of 38

The Amended Complaint alleges that in early 2018, Mr. Mabry requested a pension application packet from the ConocoPhillips Benefits Center. He told the benefits center that he wished to commence his benefits on May 1, 2018, which was the earliest date he was entitled to receive an unreduced benefit.[34] The benefits center sent Mr. Mabry a packet that stated he could choose a single-life annuity of $1,734.39 per month or a lump sum payment of $344,693.01 based on a May 1, 2018 commencement date.[35] Mr. Mabry called the benefits center several times seeking an explanation for why these amounts were so much lower than the information he had received on Alight's website. Various Alight employees told Mr. Mabry that because his pension calculation was subject to a QDRO, the calculation must be done manually and that he should not have been able to access an automatically generated statement through the website.[36] But in a Participant Statement dated April 30, 2018, on ConocoPhillips letterhead, Mr. Mabry was informed that he could receive a lump-sum benefit of over $780,000 effective June 1, 2018.[37] And in July 2018, Mr. Mabry received an informational notice on ConocoPhillips letterhead that informed him that he could receive a

---

[34] Docket 16 at 13, ¶ 65.

[35] Docket 16 at 13, ¶ 66.

[36] Docket 16 at 13, ¶ 67.

[37] Docket 16-2, Exhibit B at 2.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 7 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 7 of 38

monthly annuity of $3,916.07 or a lump-sum payment of $767,035.27, effective May 1, 2018.[38]

While Mr. Mabry was seeking clarification of his benefits, changing interest rates caused his lump-sum amount to decrease; the number of months for which he could receive the Social Security make-up benefit also decreased.[39] On February 16, 2019, Mr. Mabry received his pension in a lump-sum payment of $323,015.25 plus $12,033.52 in Social Security make-up benefits.[40] He alleges that the pension's value had declined by more than $20,000 from May 1, 2018 to February 1, 2019 and that he lost over $6,000 in Social Security make-up benefits.[41]

Mr. Mabry alleges that he relied upon the information he received from Alight's website beginning in 2011 to plan his retirement. This included making employment choices as well as spending and savings decisions.[42]

The Amended Complaint alleges that ConocoPhillips is liable for breach of fiduciary duty in violation § 404(a) of ERISA.[43] It asserts that the Benefits

---

[38] Docket 16 at 14, ¶¶ 72–73; Docket 16-3, Exhibit C at 5.

[39] Docket 16 at 15, ¶¶ 77–78.

[40] Docket 16 at 15, ¶ 79.

[41] Docket 16 at 16–17, ¶ 88.

[42] Docket 16 at 15–16, ¶ 81.

[43] Docket 16 at 16–17, ¶¶ 83–88; 29 U.S.C. § 1104(a).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 8 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 8 of 38

Committee is also liable for breach of fiduciary duty in violation § 404(a) and violated the disclosure requirements of § 105.[44]  The Amended Complaint also asserts that Alight is liable for breach of fiduciary duty in violation of § 404(a), or in the alternative, is liable for professional negligence and negligent misrepresentation under Alaska state law.[45]  Mr. Mabry seeks equitable relief pursuant to § 502(a)(3), statutory damages pursuant to § 502(c), and compensatory damages for the state law claims.[46]

## DISCUSSION

### I.    Jurisdiction

The Court has jurisdiction of Plaintiff's ERISA claims pursuant to 28 U.S.C. § 1331.  The Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §§ 1367(a) and 1332.

### II.    Forum Selection Clause

#### A.    Legal Standard

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."[47]

---

[44] Docket 16 at 16–17, ¶¶ 83–88; Docket 16 at 18–19, ¶¶ 96–102; 29 U.S.C. § 1025.

[45] Docket 16 at 19–21, ¶¶ 103–115.

[46] 29 U.S.C. § 1132(a)(3), (c).

[47] *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Id.* at 59.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 9 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 9 of 38

**B.    Analysis**

The 2019 Plan contains the following forum selection clause: "The venue for any action related to the Plan shall be in the federal courts in Harris County, Texas."[48]   The preamble to the 2019 Plan provides that "except as otherwise expressly set forth herein," a participant's "rights and benefits, if any, . . . shall be determined under the provisions of the Plan as in effect on the date his service terminated."[49]  Mr. Mabry asserts that because his service was terminated in 2009, the 2019 Plan's forum selection clause "does not control his right to litigate his claims in this District."[50]  The ConocoPhillips Defendants respond that the "rights and benefits" refer only to "the substantive amount of benefits and any rights related thereto, not to any procedural or administrative aspect of the Plan . . . ."[51]  Thus, they maintain that "[b]ecause the Plan's inclusion of a forum selection clause does not have any impact on the amount of benefits Mr. Mabry is entitled to under

---

[48] Docket 33-1, Exhibit A at 32.

[49] Docket 33-1, Exhibit A at 4.

[50] Docket 39 at 45–46.

[51] Docket 43 at 15.  The ConocoPhillips Defendants assert that although "changes to a plan cannot reduce or diminish benefits that have vested, . . . plan amendments that are procedural in nature, as opposed to amendments regarding a claimant's substantive eligibility for, or entitlement to, benefits, are valid and applicable."  *Id.* at 15–16 (collecting cases permitting amendment of welfare benefit plans to specify discretionary review).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 10 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 10 of 38

the Plan, it applies even though the provisions of the Plan in effect when Mr. Mabry's employment ended determine his substantive, vested benefits."[52]

The Court agrees with Mr. Mabry that the forum selection clause in the 2019 Plan does not apply to participants who terminated employment prior to 2019, particularly as the forum selection clause in the 2019 Plan does not "expressly set forth" that it applies to previous versions of the Plan. Thus, Mr. Mabry is not bound by this forum selection clause because his employment ended in 2009. Accordingly, the request by the ConocoPhillips Defendants to transfer venue to the federal courts in Harris County, Texas will be denied.

## III.    12(b)(6) Motions to Dismiss

### A.    Legal Standard

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[53] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[54] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[52] Docket 43 at 16.

[53] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

[54] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 11 of 38

Case 3:20-cv-00039-SLG    Document 49    Filed 01/19/21    Page 11 of 38

inference that the defendant is liable for the misconduct alleged."[55]  "Factual allegations must be enough to raise a right to relief above a speculative level."[56] However, "the tenet that a court accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[57]  As such, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[58]

"Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."[59]  However, "a district court does not err in denying leave to amend where the amendment would be futile."[60] In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[61]

---

[55] *Id.* (citing *Twombly*, 550 U.S. at 556).

[56] *Twombly*, 550 U.S. at 555.

[57] *Iqbal*, 556 U.S. at 678.

[58] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[59] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

[60] *Id.* at 656 (quoting *Thinket Ink Info Res., Inc.*, 368 F.3d at 1061).

[61] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 12 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 12 of 38

## B. ConocoPhillips's and Alight's Status as Fiduciaries

Mr. Mabry asserts breach of fiduciary duty claims against all defendants in violation of ERISA § 404(a).[62]  Alight and ConocoPhillips each moves to dismiss on the ground that it is not a fiduciary with respect to Mr. Mabry's claims.

"Liability for breach of fiduciary duty under ERISA may be imposed only against ERISA-defined fiduciaries."[63]  ERISA defines a person as a fiduciary "with respect to [an ERISA-covered] plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan."[64]  Thus, "[f]iduciary liability depends not on how one's duties are formally characterized in an ERISA plan, but rather upon functional terms of control and authority over the plan."[65]  "The central question is 'whether [the party] was

---

[62] 29 U.S.C. § 1104(a).

[63] *CSA 401(K) Plan v. Pension Professionals, Inc.*, 195 F.3d 1135, 1138 (9th Cir. 1999) (citing *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir. 1990)).  A party may be a "named fiduciary," or may perform certain duties that give rise to fiduciary status under 29 U.S.C. § 1002(21)(A).  Mr. Mabry does not contend that either Alight or ConocoPhillips is a named fiduciary; instead, he asserts that each is a fiduciary as defined in § 1002(21)(A).  *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653–54 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 223 (2019) ("There are two types of fiduciaries under ERISA.  First, a party that is designated 'in the plan instrument' as a fiduciary is a 'named fiduciary.'  29 U.S.C. § 1102(a)(2).  Second, ERISA provides [a] definition of what is sometimes referred to as a 'functional' fiduciary," which is defined at 29 U.S.C. § 1002(21)(A).).

[64] 29 U.S.C. § 1002(21)(A).

[65] *CSA 401(K) Plan*, 195 F.3d at 1138 (citing *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1419 (9th Cir. 1997)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 13 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 13 of 38

acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.'"[66]

### 1. **Alight's Fiduciary Status**

Alight asserts it is not a fiduciary because it "merely provided non-fiduciary record-keeping and third-party administration services to the ConocoPhillips Plan" and "did not have discretionary responsibility over" the Plan.[67]  In support, Alight cites its contract with the ConocoPhillips Defendants, which states that Alight "**shall not have any discretion** with respect to the management or administration of any Plan . . . ."[68]  Alight also asserts "*the conduct at issue* in this Amended Complaint—providing an erroneous pension statement—is ***not*** a fiduciary act and cannot support an ERISA breach of fiduciary duty claim."[69]  Alight also cites the Department of Labor's regulatory guidance for the proposition that "performing a '[c]alculation of benefits,' applying 'rules determining eligibility for participation or

---

[66] *Depot, Inc.*, 915 F.3d at 654  (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226) (2000)). *Accord Santamenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 838 (9th Cir. 2018) ("The Supreme Court has stressed that the central inquiry is whether the party was acting as an ERISA fiduciary 'when taking the action subject to complaint.'") (quoting *Pegram*, 530 U.S. at 226).

[67] Docket 37 at 18.

[68] Docket 37 at 18–19 (emphasis in original).

[69] Docket 37 at 20 (emphasis in original).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 14 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 14 of 38

benefit,' and 'prepar[ing] employee communications material' are not fiduciary acts."[70]

Mr. Mabry responds that "Alight's services to the Plan were not merely 'ministerial.'"[71] He maintains that the "'framework [for calculating benefits] is strikingly elaborate for its application to be purely ministerial.'"[72] Mr. Mabry also asserts Alight "had responsibility for 'counseling' Plan participants about their benefits" and was responsible for "processing pension applications and deciding first-level claims," both of which constitute an exercise of discretion.[73] Additionally, Mr. Mabry contends that Alight was a fiduciary with respect to the Plan because it was responsible for QDRO compliance. Mr. Mabry maintains that the Department of Labor's regulatory guidance is inapposite because "Alight's conduct "involve[d] interpretation and judgment going far beyond merely a mechanical application of a simple mathematical formula."[74] Additionally, Mr. Mabry rebuts Alight's reliance

---

[70] Docket 44 at 15 (quoting 29 C.F.R. § 2509.75-8 at D-2).

[71] Docket 41 at 18 (citing *King v. Blue Cross & Blue Shield of Ill.*, 871 F. 3d 730, 745 (9th Cir. 2017)).

[72] Docket 41 at 19 (quoting *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1420 (9th Cir. 1997)).

[73] Docket 41 at 19-21.

[74] Docket 41 at 23–24.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 15 of 38

Case 3:20-cv-00039-SLG    Document 49    Filed 01/19/21    Page 15 of 38

on its contract with the ConocoPhillips Defendants, asserting that the contract provision is an impermissible exculpatory provision.[75]

As an initial matter, Mr. Mabry is correct that Alight cannot contractually insulate itself from liability for a breach of fiduciary duty. Exculpatory provisions that purport to exonerate ERISA fiduciaries of fiduciary responsibility are void as a matter of law.[76] Moreover, "[t]he issue is not just how the duties are characterized, but what they are."[77] Thus, the Court must look to Alight's actions toward Mr. Mabry to determine whether it was acting as an ERISA fiduciary.

"[T]hird-party administrators are not fiduciaries if they merely perform ministerial functions . . . ."[78] The Amended Complaint alleges that the Benefits Committee delegated responsibility to Alight for "providing and auditing automated and manual benefits calculations" with respect to the Plan.[79] Mr. Mabry asserts that the calculation of his pension benefits was not purely ministerial; he references

---

[75] Docket 41 at 17–18.

[76] 29 U.S.C. § 1110(a) provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under [the section governing ERISA fiduciaries] shall be void as against public policy," with a few exceptions that are not relevant here. *See also IT Corp.*, 107 F.3d at 1418 ("[A] contract exonerating an ERISA fiduciary from fiduciary responsibilities is void as a matter of law.").

[77] *IT Corp.*, 107 F.3d at 1419.

[78] *CSA 401(K) Plan*, 195 F.3d at 1138 (citing *Pacificare v. Martin*, 34 F.3d 834, 837 (9th Cir. 1994)).

[79] Docket 16 at 7–8, ¶ 33.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 16 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 16 of 38

*IT Corporation v. General American Life Insurance Company.*[80] In *IT Corp.*, an employer and a plan participant brought an action for breach of fiduciary duty against a third-party plan administrator, claiming it had incorrectly paid benefits for an ineligible claim. The administrator moved to dismiss, asserting that it was not an ERISA fiduciary. The Ninth Circuit determined that the claim could proceed in part because the administrator's "discretionary authority and control may exceed what could properly be characterized as 'purely ministerial' activities."[81] The Court stressed that the ERISA health "benefits in this case cannot be calculated from a mathematical formula."[82] Acknowledging the limited record before it, the Circuit reasoned that the administrator could have paid an ineligible claim "not through clerical error, but because it had considerable discretion and made a misjudgment about plan interpretation."[83]

Mr. Mabry has not alleged facts demonstrating that Alight undertook Plan interpretation or made judgment calls to determine his benefit amounts. The Ninth Circuit in *IT Corp.* specifically distinguished the health benefits before it from "retirement benefits [where] the plan made them depend solely on date of birth, date of entry into service, gross pay for last three years of service, and date of

---

[80] Docket 41 at 19; 107 F.3d at 1420.

[81] *IT Corp.*, 107 F.3d at 1420.

[82] *Id.*

[83] *Id.* at 1421.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 17 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 17 of 38

retirement."[84]   That Mr. Mabry has identified additional variables and steps that may be necessary to calculate his benefits under the Plan does not transform Alight's benefit calculations into plan interpretations or judgment calls.[85]

Mr. Mabry also cites *King v. Blue Cross & Blue Shield of Illinois*.[86]   In *King*, the plaintiff alleged a third-party claims administrator breached its fiduciary duty when it denied her claims for health care benefits.  The Ninth Circuit held that the third-party administrator was an ERISA fiduciary as to the plaintiff.  The Court observed that not only did the administrator process and pay certain of the plaintiff's claims, it also conducted the first-level appeal of the claims it had denied, all of which required it to interpret the plan in order to determine whether to pay the claims and whether to uphold benefit denials on appeal.  The Court explained that "[a]ny one of these abilities would be sufficient to confer fiduciary status under ERISA."[87]   *King* is inapposite, because unlike the plaintiff in *King*, Mr. Mabry is not

---

[84] *Id.* at 1420.

[85] Mr. Mabry also asserts that Alight is a fiduciary because it was responsible for "'counseling' Plan participants about their benefits," which he asserts "involves the exercise of discretion." Docket 41 at 19; *see also* Docket 16 at 7–8, ¶ 33.  However, Mr. Mabry does not allege that Alight improperly counseled him apart from providing inaccurate benefit statements.  Thus, the Court agrees with Alight that there are no factual allegations that it acted as an ERISA fiduciary to Mr. Mabry in this regard.

[86] Docket 41 at 18, 20; 871 F.3d 730 (9th Cir. 2017).

[87] *Id.* at 746 (citing *Kyle Railways, Inc. v. Pacific Administration Services, Inc.*, 990 F. 2d 513, 518 (9th Cir. 1993).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 18 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 18 of 38

alleging that Alight erred in processing his pension application or in deciding a first-level appeal against him.

The Department of Labor explains that "a person who performs purely ministerial functions . . . for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary . . . ."[88] Mr. Mabry contends that Alight does not fit this description because "the amended complaint alleges that Alight made its *own* framework" when it "prepared its own 'requirements document' to use as a guide in programming automated calculations and performing manual calculations; used its own proprietary software to house data and perform calculations; operated the ConocoPhillips Benefits Center and the associated website; and established its own procedures for manual pension calculations."[89] However, none of these allegations, if proven, would establish that Alight had the power to make judgment calls about the Plan.

Mr. Mabry also contends that Alight's actions regarding implementation of the QDRO were more than ministerial. He lists the failure to segregate the alternate payee's benefit as directed by the QDRO; the failure to provide Mr. Mabry with manual pension calculations to make up for the software defect; the failure to reflect the QDRO in Alight's automated calculations; and the failure to detect the

---

[88] 29 C.F.R. § 2509.75-8.

[89] Docket 41 at 22-23 (emphasis added) (citing Docket 16, ¶¶ 34–36, 39–44).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 19 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 19 of 38

problem in Alight's self-audits.[90]  But each of these alleged errors constitutes a mistake in calculating Plan benefits over which Alight did not have discretionary authority. "The power to err, as when a clerical employee types an erroneous code onto a computer screen, is not the kind of discretionary authority which turns an administrator into a fiduciary."[91]

The conclusion that the Amended Complaint does not plausibly allege facts that if proven would demonstrate that Alight was acting as a fiduciary to Mr. Mabry is also supported by three recent district court cases cited by Alight.  In *Wilson v. Bank of America Pension Plan for Legacy Companies*, the plaintiff sued a third-party administrator for breach of fiduciary duty.[92]  In dismissing the claim, the district court held that the "alleged breach of fiduciary duty consisted of providing inaccurate pension estimates, but providing those estimates is not a fiduciary duty."[93]  In *Hawkes v. Wells Fargo & Co.*, the District Court for the Northern District of California determined that providing benefit projections through an online pension calculator was not a fiduciary duty "where Defendants merely provided an

---

[90] Docket 41 at 24 (citing Docket 16, ¶¶ 33, 45–57).

[91] *IT Corp.*, 107 F.3d at 1421. Plaintiff also contends that "when circumstances suit it, Alight hastens to describe itself as having and exercising discretion in plan management and administration," Docket 41 at 24, but this is unpersuasive for the same reason that Alight's contract language does not control; the question is what duties Alight exercised toward Plaintiff, not how those duties were described.  *Cf. IT Corp.*, 107 F.3d at 1419 ("The issue is not just how the duties are characterized, but what they are.").

[92] Case No. 18-cv-07755-TSH, 2019 WL 4479677 (N.D. Cal. Sept. 18, 2019).

[93] *Id.,* at *7 (citing *Livick v. The Gillette Co.*, 524 F.3d 24, 29 (1st Cir. 2008)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 20 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 20 of 38

estimate of benefits, bound by a set formula articulated in the [Retirement] Plan . . . ."[94]  Even though the "Defendants made an unfortunate, and major, error in applying this formula," such a mistake did "not, without more, transform the pension projection into a fiduciary act."[95]  In *Bafford v. Northrop Grumman Corporation*, the Central District of California held that where the defendants "simply miscalculated Plaintiffs' pension benefits and provided those miscalculations to Plaintiffs," this mistake "cannot be the basis for the [defendant]'s breach of fiduciary duty because 'with no fiduciary function involved, there can be no breach of fiduciary duty.'"[96]

For the foregoing reasons, the Court finds that the Amended Complaint does not plausibly allege that Alight was acting as a fiduciary when it provided Mr. Mabry with pension estimates and statements.[97]  Accordingly, Alight's motion to dismiss Mr. Mabry's claim for breach of fiduciary duty against Alight (Claim 2) will be granted.

---

[94] Case No. 17-cv-00632-JSW, 2018 WL 11182068, at *4–6 (N.D. Cal. Jan. 30, 2018) (citing 29 C.F.R. § 2509.75-8(D)(2) and *IT Corp.*, 107 F.3d at 1421).

[95] *Id.,* at *5.

[96] Case No. 2:18-cv-10219-ODW (Ex), 2020 WL 70834, at *6 (C.D. Cal. Jan. 7, 2020) (quoting *Livick*, 524 F.3d at 30).

[97] Plaintiff's second supplemental authority notice at Docket 47 cites to *Wallace v. International Paper Co.*, __ F. Supp. 3d __, 2020 WL 7643134 (W.D. Tenn. Dec. 23, 2020).  The district court there denied Alight's motion to dismiss, reasoning that the plaintiff had established the plausibility of Alight's fiduciary status by alleging that "Alight did more than just plug numbers into a pre-set formula—instead, Plaintiff alleges that Alight takes the complicated history of [the employer] and its acquisitions into account and exercises discretion in creating an appropriate formula for calculating benefits."  *Id.,* at *4.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 21 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 21 of 38

## 2. **ConocoPhillips's Fiduciary Status**

ConocoPhillips maintains that the Amended Complaint does not plausibly allege facts that if proven would establish that it was a fiduciary with respect to Mr. Mabry's claims. It also contends that "the Plan document makes clear that ConocoPhillips is not a fiduciary and that no duty to monitor Plan operations is allocated to it."[98]

Mr. Mabry responds that "[a]s the entity with the power of appointment over the Benefits Committee, ConocoPhillips had a fiduciary duty to monitor the performance of the Benefits Committee with respect to selecting and overseeing Plan service providers, complying with participant disclosure requirements, and overseeing Plan record-keeping and administration."[99] He also contends that the Plan does not "purport[] to relieve ConocoPhillips of any fiduciary responsibility, including its duty to monitor the Benefits Committee."[100] Mr. Mabry asserts that even if it did, such a provision "would be void as a matter of law."[101] Additionally, Mr. Mabry asserts that ConocoPhillips acted as a fiduciary when it told him in the

---

[98] Docket 33 at 5 (citing Docket 33-1, Exhibit A at 23–26).

[99] Docket 39 at 20.

[100] Docket 39 at 21–22.

[101] Docket 39 at 22 (citing 29 U.S.C. § 1110(a) and *IT Corp.*, 107 F.3d at 1418).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 22 of 38

two letters it sent him in 2008 that "his former spouse's benefit would 'be segregated as a separate defined benefit.'"[102]

Like Alight's contractual provision, the Plan's provisions cannot exonerate ConocoPhillips of fiduciary responsibilities.[103] Rather, the Court must consider what ConocoPhillips's duties actually were with respect to Mr. Mabry's claims, regardless of how those duties are described in the Plan.[104]

First, the Court considers ConocoPhillips's authority to appoint members of the Benefits Committee. The Ninth Circuit has "recognized that where members of an employer's board of directors have responsibility for the appointment and removal of ERISA trustees, those directors are themselves subject to ERISA fiduciary duties, albeit only with respect to trustee selection and retention."[105] Given that ConocoPhillips is tasked with appointing the members of the Benefits Committee, it has a fiduciary duty to monitor that committee.[106] This duty requires ConocoPhillips to periodically review the Benefits Committee's performance to

---

[102] Docket 39 at 23; Docket 39-1.

[103] *See IT Corp.* 107 F.3d at 1418 ("[A] contract exonerating an ERISA fiduciary from fiduciary responsibilities is void as a matter of law.").

[104] *See CSA 401(K) Plan*, 195 F.3d at 1138 (citing *IT Corp.*, 107 F.3d at 1419).

[105] *Johnson v. Coutier*, 572 F.3d 1067, 1076 (9th Cir. 2009) (citing *Batchelor v. Oak Hill Med. Grp.*, 870 F.2d 1446, 1448–49 (9th Cir. 1989)).

[106] *See Solis v. Webb*, 931 F. Supp. 2d 936, 953 (N.D. Cal. 2012) ("Implicit within the duty to select and retain fiduciaries is a duty to monitor their performance.") (citing *In re Calpine Corp.*, Case No. 03-1685, 2005 WL 1431506, at *3 (N.D. Cal. Mar. 31, 2005)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 23 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 23 of 38

ensure it is in compliance with ERISA and the terms of the Plan.[107]  However, the Amended Complaint's First Claim for Relief does not clearly allege such a fiduciary duty and breach.   Rather, it simply alleges that both "ConocoPhillips and the Benefits Committee breached their fiduciary duties" to Mr. Mabry, without delineating the duties ConocoPhillips is alleged to have breached.[108]  Accordingly, the motion to dismiss Claim 1 as to ConocoPhillips with respect to its appointment and monitoring of the Benefits Committee will be granted.

Second, the Court considers Mr. Mabry's argument that ConocoPhillips acted as a fiduciary when it sent him two letters in 2008 stating that the alternate payee's benefit would "be segregated as a separate defined benefit solely under her name, for her benefit and as her separate property."[109]  Mr. Mabry is not asserting a claim for QDRO noncompliance.  Instead, Mr. Mabry's claims arise from the provision of inaccurate benefit statements to him.  Thus, even assuming

---

[107] *See* 29 C.F.R. § 2509.75-8 at FR-17 ("At reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan. No single procedure will be appropriate in all cases; the procedure adopted may vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure."); *see also Bafford*, 2020 WL 70834, at *4 (citing *Marshall v. Northrop Grumman Corp.*, Case No. 16-cv-06794-AB (JCx), 2017 WL 2930839, at *11 (C.D. Cal. Jan. 30, 2017) ("[T]o plausibly allege that a defendant has breached its duty to monitor, plaintiff must at the very least allege facts demonstrating that defendant: (1) failed to evaluate their appointees' performance, or to have a system in place for doing so; (2) failed to ensure that the monitored fiduciaries had a prudent process in place for evaluating the Plan's administrative fees and ensuring that the fees were competitive; and (3) failed to remove appointees whose performance was inadequate.").

[108] Docket 16 at 16, ¶¶ 85-88.

[109] Docket 39 at 23 (quoting Docket 16, ¶¶ 47–48).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 24 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 24 of 38

ConocoPhillips was acting as a fiduciary when it sent Mr. Mabry the two letters in 2008, Mr. Mabry has failed to plausibly plead a breach of fiduciary duty by ConocoPhillips in relation to the letters.[110]    Accordingly, this aspect of ConocoPhillips's motion to dismiss Claim 1 will also be granted.

## C.    Equitable Relief Pursuant to § 502(a)(3) for Breach of Fiduciary Duty

The ConocoPhillips Defendants maintain that Mr. Mabry is not entitled to equitable relief under ERISA § 502(a)(3), because the relief he requests must be sought pursuant to § 502(a)(1)(B).[111]   They assert that the surcharge Mr. Mabry seeks, which the Amended Complaint describes as "the amount necessary to place Mr. Mabry in the position he would have occupied but for Defendants' breaches," constitutes a "kind of 'make-whole relief' [that] would necessarily be an award of compensatory damages which is impermissible."[112]   The ConocoPhillips Defendants also maintain that Mr. Mabry is not entitled to equitable estoppel

---

[110] Mr. Mabry also appears to briefly suggest that ConocoPhillips has a fiduciary responsibility for the allegedly inaccurate benefit statements Alight provided him because the statements were provided on ConocoPhillips letterhead.  Docket 39 at 23 (citing *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 104 (2nd Cir. 2020).  In *Sullivan-Mestecky*, the plan administrator was held liable for the acts of its ministerial agent.  *Sullivan-Mestecky*, 961 F.3d at 104.  But ConocoPhillips is the Plan sponsor, not the Plan administrator.  Thus, *Sullivan-Mestecky* may support a finding that the Benefits Committee is liable for ministerial acts performed by Alight, but it does not support that ConocoPhillips would also be liable.

[111] Docket 33 at 5.

[112] Docket 16 at 21, ¶ C; Docket 33 at 10 (quoting *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 957 (9th Cir. 2014)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 25 of 38

because such relief would impermissibly "result in a payment of benefits that would be inconsistent with the written plan . . . ."[113]

Mr. Mabry responds that he is not seeking or entitled to relief under § 502(a)(1)(B) because he is not alleging that the terms of the Plan entitle him to the higher benefit amounts provided to him in the inaccurate statements. Instead, he explains his "alleged injury is that he reasonably relied on information about the amount of those benefits in planning for his retirement" and in making other personal financial decisions, for which the equitable remedies in § 502(a)(3) are available.[114]

### 1. The *Varity* Rule

The Supreme Court in *Varity Corp. v. Howe* described § 502(a)(3) as a "catchall provision[ ] [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."[115] The ConocoPhillips Defendants maintain that Mr. Mabry cannot pursue a claim under § 502(a)(3) because his claim is remediable under § 502(a)(1)(B). However, "*Varity* did not explicitly prohibit a plaintiff from pursuing simultaneous claims under § [502](a)(1)(B) and § [502](a)(3)."[116] In any event, Mr.

---

[113] Docket 33 at 11 (quoting *Gabriel*, 773 F.3d at 956).

[114] Docket 39 at 25–30.

[115] *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

[116] *Moyle v. Liberty Mut. Life Retirement Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 26 of 38

Case 3:20-cv-00039-SLG    Document 49    Filed 01/19/21    Page 26 of 38

Mabry acknowledges that he is not entitled under the terms of the Plan to receive pension benefits in the amounts indicated in the estimates provided to him. Thus, if a breach of fiduciary duty occurred, § 502(a)(1)(B) would not provide an adequate remedy.[117]  Mr. Mabry is therefore not barred from pursuing equitable relief under § 502(a)(3).

## 2. Surcharge

Surcharge is an equitable remedy, even though relief takes the form of monetary compensation.[118]  Claim 1 alleges a breach of fiduciary duty by the ConocoPhillips Defendants and hence is equitable in nature.  Mr. Mabry has also plausibly pleaded that he was financially injured by this fiduciary breach by relying on the statements in making financial and employment decisions.  Accordingly, Mr. Mabry may seek "the remedy that will put [him] in the position he . . . would have attained but for the trustee's breach."[119]  However, Mr. Mabry does not plausibly allege any facts that show that but for the alleged breach, he would have received

---

[117] Even if Mr. Mabry had brought a § 502(a)(1)(B) claim, a plaintiff may "present § [502](a)(1)(B) and § [502](a)(3) as alternative—rather than duplicative—theories of liability." *Moyle*, 823 F.3d at 961 ("Some of our pre-*Amara* cases held that litigants may not seek equitable remedies under § [502](a)(3) if § [502](a)(1)(B) provides adequate relief . . . . However, those cases are now 'clearly irreconcilable' with *Amara* and are no longer binding.").

[118] *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011); *see also Moyle*, 823 F.3d at 960 ("*Amara* makes it very clear that remedies such as reformation, surcharge, estoppel, and restitution are traditionally equitable remedies, and the fact that they take a monetary form does not alter this classification.").

[119] *Gabriel*, 773 F.3d at 958 (quoting *Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012)).  .

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 27 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 27 of 38

the higher amount provided in his pension statements; to the contrary, he expressly disclaims that he is entitled to the higher amount under the terms of the Plan. Regardless, this Court need not determine the scope of any surcharge remedy at this preliminary stage of the proceedings.[120]

### 3. Equitable Estoppel

"Appropriate equitable relief" pursuant to § 502(a)(3) may also include equitable estoppel.[121] Mr. Mabry seeks an order that estops the ConocoPhillips Defendants from denying that he "is entitled to benefits under the ConocoPhillips Plan consistent with the statements provided to him prior to 2018."[122] However, in the Ninth Circuit, an ERISA plaintiff "may not bring an equitable estoppel claim that 'would result in a payment of benefits that would be inconsistent with the written plan . . . .'"[123] Requiring the ConocoPhillips Defendants to pay to Mr. Mabry the amount of benefits set forth in the erroneous statements would plainly require that

---

[120] In *Sullivan-Mestecky v. Verizon*, 961 F. 3d 91 (2d Cir. 2020), the plaintiff was repeatedly informed that she was entitled to over $679,000 in death benefits, despite her repeated questions to the ERISA fiduciary about the coverage. At her death, the ERISA fiduciary realized it had miscalculated the death benefits and paid only $11,400 in benefits. During her life, the plaintiff, in reliance on the generous life insurance policy, "allowed her aging mother to live rent-free in her home, covered her mother's living expenses, and paid off her mother's debts." *Id.* at 97. In that case, the Second Circuit held "it appropriate for a plaintiff to seek relief in the amount of the promised policy, not just in the amount of wrongly-accepted premium or wrongly-paid taxes." *Id.* at 103, n.44 (citing *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 881–82 (7th Cir. 2013) and *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 181 (4th Cir. 2012)).

[121] *Gabriel*, 773 F.3d at 955 (citing *Amara*, 563 U.S. at 442).

[122] Docket 16 at 21, ¶ B.

[123] *Gabriel*, 773 F.3d at 956 (quoting *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 1992)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 28 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 28 of 38

he be paid considerably more in benefits that the terms of the Plan permit. Mr. Mabry asserts "[e]stoppel here would merely operate to place Mr. Mabry in the position that he would have occupied had the pension statements he received been accurate."[124] But as Mr. Mabry acknowledges, he had no right under the Plan to be put in that position.[125] Accordingly, Mr. Mabry has not plausibly pleaded that he is entitled to equitable estoppel, and this portion of the remedy sought against the ConocoPhillips Defendants will be dismissed.[126]

### D. Claim for Violation of ERISA § 105

ERISA § 105(a) provides that "[t]he administrator of a defined benefit plan . . . shall furnish a pension benefit statement . . . to a participant or beneficiary of the plan upon written request."[127] Section 502(c) provides statutory damages for violations of § 105(a).[128]

---

[124] Docket 39 at 38.

[125] Docket 39 at 26.

[126] Plaintiff's second notice of supplemental authority at Docket 47 cites to *Jones v. IBM*, 2020 WL 6729088 (W.D. Tex. Nov. 15, 2020) (report and recommendation adopted Dec. 29, 2020), which denied the defendant's motion to dismiss an ERISA plaintiff's request for equitable estoppel. The district court held that an ERISA-estoppel claim could proceed against the fiduciary plan administrator, finding persuasive Third Circuit authority that would permit such a claim "where a plaintiff repeatedly and diligently inquired about benefits and was repeatedly misled" (citing *Kurz v. Phila. Elec. Co.,* 96 F. 3d 1544, 1553 (3rd Cir. 1996)). But an ERISA-estoppel claim in these circumstances does not appear to be consistent with Ninth Circuit authority because it would "result in a payment of benefits that would be inconsistent with the written plan . . . ." *Gabriel*, 773 F.3d at 956 (quoting *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 1992)).

[127] 29 U.S.C. § 1025(a)(1)(B).

[128] 29 U.S.C. § 1132(c).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 29 of 38

The ConocoPhillips Defendants maintain that Mr. Mabry's § 105 claim against the Benefits Committee should be dismissed because he does not allege that he ever made a written request for benefits. They assert that the Amended Complaint "merely recites that he accessed information about his benefits and estimates related thereto through Alight's website and communicated with Alight orally."[129] They also assert that Mr. Mabry fails to allege that he requested a benefit statement directly from the Benefits Committee and thus the Benefits Committee could not have violated § 105.[130]

Mr. Mabry responds that he made a written request for a benefit statement when he used the online platform to view benefit information.[131] And he maintains that the Benefits Committee cannot escape liability by delegating its responsibilities to Alight.[132]

The Ninth Circuit has not addressed whether a plan participant's access to benefit information through an internet platform provided by a plan administrator constitutes a written request under § 105. However, the Court is persuaded by the reasoning of the Northern District of California in *Wilson v. Bank of America Pension Plan for Legacy Companies*, which determined that such action does not

---

[129] Docket 43 at 13.

[130] Docket 33 at 13–15.

[131] Docket 39 at 41.

[132] Docket 39 at 43.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 30 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 30 of 38

constitute a written request.[133] The district court noted that when Congress amended ERISA in 2006 to allow benefit statements to be delivered to participants in "written, electronic, or other appropriate form," it did not amend Section 105's requirement that a participant's request for a benefit statement must be in writing. The district court reasoned that Congress must have intended to allow plan administrators to provide benefit information over the internet while not allowing plan participants to make Section 105(a) requests over the internet.[134]

Here, Mr. Mabry alleges only that he accessed an online calculator that allowed him to calculate benefit projections on Alight's website and that he called the benefits center. Neither action constitutes a written request for a benefit statement under ERISA § 105; therefore, Claim 3 will be dismissed.

### E. State Law Claims Against Alight

Alight moves to dismiss Mr. Mabry's state law claims on the grounds that (1) they are preempted by ERISA and (2) he has failed to state claims for professional negligence and negligent misrepresentation.

#### 1. Preemption

ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section

---

[133] Case No. 18-cv-07755-TSH, 2019 WL 2549044 (N.D. Cal. June 20, 2019); *see also Bafford*, 2020 WL 70834, at *6.

[134] *Id.,* at *3 (citing 29 U.S.C. § 1025(a)(2)(A)(iv)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 31 of 38

1003(a) of this title . . . ."[135]  A state law claim "relates to" an ERISA plan "if it has a connection with or reference to such a plan.'"[136]  A state law has an impermissible "connection with" an ERISA plan "if the state law 'governs a central matter of plan administration or interferes with nationally uniform plan administration.'"[137]  The Ninth Circuit uses a "relationship" test in analyzing "connection with" preemption, focusing on whether the "claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between the plan and plan members, between plan and employer, between employer and employee."[138]  A state law has an impermissible "reference to" an ERISA plan "[w]here [that] State's law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . . ."[139]  The Ninth Circuit has held that the term "reference to," means "[s]tated another way," that "where 'the existence of [an ERISA] plan is a critical

---

[135] 29 U.S.C. § 1144(a).

[136] *Ore. Teamsters Emp'rs Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155 (9th Cir. 2015) (quoting *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) and citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995)).

[137] *Rutledge*, 141 S.Ct. at 480 (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016)).

[138] *Ore. Teamsters Emp'rs Tr.*, 800 F.3d at 1156 (quoting *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009)).

[139] *Gobeille*, 577 U.S. at 319 (quoting *Cal. Div. of Labor Standards Enf't v. Dillingham Const., N.A.*, 519 U.S. 316, 325 (1997)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 32 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 32 of 38

factor in establishing liability' under a state cause of action, the state law claim is preempted."[140]

Alight asserts that ERISA preempts Mr. Mabry's state claims because "those claims would not exist but for a disconnect between the erroneous pension estimates and the pension required under the terms of the ConocoPhillips Plan."[141] As such, Alight maintains that "the existence of the Plan is a critical factor in establishing liability under [] state law, and therefore the [] state law claims are preempted."[142] Additionally, Alights asserts that "legions of cases within this Circuit have held that ERISA preempts state-law claims involving misstatements about the level of benefits an ERISA plan participant may receive."[143]

---

[140] *Wise v. Verizon Comm'n, Inc.*, 600 F. 3d 1180, 1190 (9th Cir. 2010) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 136 (1990)). The Court notes that the Supreme Court's recent decision in *Rutledge* does not approve or reject the additional components of the tests used by the Ninth Circuit. Although a district court "should consider the intervening authority's reasoning and analysis, as long as [it] can apply [] prior circuit precedent without 'running afoul' of the intervening authority, [it] must do so." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012). "It is not enough . . . for the intervening higher authority to 'cast doubt' on the prior circuit precedent"; rather, the "intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent." *Id.* (citing *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) and *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012)). While *Rutledge* may cast some doubt on the Ninth Circuit's formulation of the "relation to" tests, the Circuit's approach is not clearly inconsistent with the Supreme Court's decision. Accordingly, this Court applies the Ninth Circuit's formulation.

[141] Docket 37 at 28 (citing *Bernstein v. Health Net Life Ins. Co.*, Case No. 12-CV-00717 AJB JMA, 2012 WL 5989348, at *5 (S.D. Cal. Nov. 29, 2012)).

[142] Docket 37 at 28 (alterations in original) (quoting *Bafford*, 2020 WL 70834, at *6–7).

[143] Docket 37 at 29 (collecting cases).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 33 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 33 of 38

Mr. Mabry concedes that his state law claims would be preempted if Alight acted as a fiduciary. However, he asserts that if Alight did not act as an ERISA fiduciary, then these claims are not preempted.[144] Mr. Mabry maintains that his "state-law claims are founded on state laws of general application, not specific to ERISA plans," and thus do not meet the "reference to" prong.[145] Mr. Mabry also contends his state law claims against Alight do not have an impermissible "connection with" an ERISA plan, "because the claims do not encroach on an ERSIA-regulated relationship."[146] Rather, Mr. Mabry maintains he is an intended third-party beneficiary of Alight's service contract with the ConocoPhillips Defendants and this "does not affect his relationship with the Plan."[147]

Here, in regard to the "reference to" prong, it is clear that Plaintiff's professional negligence and negligent misrepresentation causes of action do not act "immediately and exclusively upon ERISA plans," as they are common law torts that are applied across various factual contexts.[148] Nonetheless, the Court finds

---

[144] Docket 41 at 34 (citing *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082–83 (9th Cir. 2009)). Mr. Mabry pleads his state claims in the alternative for this reason. Docket 41 at 34.

[145] Docket 41 at 37 (citing *Ariz. State Carpenters' Pension Tr. Fund v. Citibank (Ariz.)*, 125 F.3d 715, 724 (9th Cir. 1997)).

[146] Docket 41 at 39 (citing *Paulsen*, 559 F.3d at 1082).

[147] Docket 41 at 40 (citing *Paulsen*, 559 F.3d at 1083).

[148] *See Paulsen*, 559 F.3d at 1082 (holding California's "negligence principles and [statutes] . . . do not act 'immediately and exclusively' on ERISA plans, and the existence of an ERISA plan is not essential to these laws' operation" in action against plan's actuary).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 34 of 38

Case 3:20-cv-00039-SLG    Document 49    Filed 01/19/21    Page 34 of 38

that Plaintiff's state law claims are preempted because the existence of the ConocoPhillips Plan is essential to those claims.[149] These claims arise from the allegation that Mr. Mabry was provided statements that did not reflect the proper benefits he was entitled to under the Plan; if not for the terms of the Plan, Mr. Mabry could not prove that the benefit statements were incorrect.[150] Thus, Mr. Mabry "must allege the existence of an ERISA plan to state" his claims under Alaska law.[151] Resolving whether Mr. Mabry's reliance on the benefit statements was justified would also require analyzing the terms of the Plan.[152] Particularly where, as here, the Court has determined that Plaintiff may be able to state a claim for breach of fiduciary duty against the ConocoPhillips Defendants, and Alaska tort law allows for the allocation of fault to any other responsible party,[153] the Court finds that permitting Plaintiff's state law claims against Alight to proceed at the

---

[149] *See McDowell*, 385 F.3d at 1172 (citing *Dillingham Constr., N.A.*, 519 U.S. at 324–25) ("In evaluating whether a common law claim has 'reference to' a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival.").

[150] *See Groves v. Kaiser Foundation Health Plan Inc.*, 32 F. Supp. 3d 1074, 1087 (N.D. Cal. 2014) (dismissing state claims as preempted "where a beneficiary sue[d] a plan's third-party service provider for failures related to its calculation of benefits").

[151] *Wise*, 600 F.3d at 1191 ("The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that Wise suffered damages: the loss of insurance benefits. Because Wise must allege the existence of an ERISA plan to state her claims under Washington law, the claims are preempted.").

[152] *See Hawkes v. Wells Fargo & Co.*, Case No. 17-cv-00632-JSW, 2018 WL 11182068, at *7 (N.D. Cal. Jan. 30, 2018) (citing *Brenner v. Metro. Life Ins. Co.*, Case No. 11-cv-12096-GAO, 2013 WL 1337367, at *6 (D. Mass. Mar. 20, 2013)).

[153] *See* AS 09.17.080(d) ("The court shall enter judgment against each party liable on the basis of several liability in accordance with that party's percentage of fault.").

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 35 of 38
Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 35 of 38

same time as breach of fiduciary duty claims against the ConocoPhillips Defendants would necessarily require analysis not only of any contract Alight had with the Plan sponsor and administrator, but also Mr. Mabry's relationship with each of the ConocoPhillips Defendants.[154] Accordingly, Mr. Mabry's state law claims against Alight (Claims 4 and 5) will be dismissed as preempted by ERISA because they have "reference to" an ERISA plan.[155]

Because the Court finds that Mr. Mabry's state law claims against Alight are preempted by ERISA under the "reference to" prong, the Court does not address the "connection with" prong.

### 2. Failure to State a Claim

In light of the Court's determination that the state law claims against Alight are preempted, the Court does not reach Alight's additional arguments that Plaintiff failed to state a claim under Alaska law.

---

[154] *See Hawkes*, 2018 WL 11182068, at *7 (citing *Reichert v. Time Inc.*, Case No. 11-cv-03592-WHA, 2011 WL 5294844, at *5 (N.D. Cal. Nov. 3, 2011)) ("Plaintiff's tort claims have a clear reference to, and depend upon, the [pension plan]. The very crux of Plaintiff's claims is that [the third-party administrator] made errors in calculating pension benefits under the [pension plan] and relayed this misinformation to Plaintiff.").

[155] The Court is not persuaded by *Wallace v. International Paper Co.*, ___ F. Supp. 3d ___, 2020 WL 7643134 (W.D. Tenn. Dec. 23, 2020), which declined to dismiss the plaintiff's state law claims against a service provider as preempted at the motion to dismiss stage. That court cites to *Bafford*, 2020 WL 70834, at *7, in support of its ruling, but *Bafford* held that the plaintiff's state law claims were preempted by ERISA under the "connection with" prong, because "unlike *Paulsen,* 'a relationship between plan and plan member' is directly at issue."

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 36 of 38

**CONCLUSION**

In light of the foregoing, ConocoPhillips and the Benefits Committee's motion to transfer venue is DENIED. ConocoPhillips and the Benefits Committee's motion to dismiss at Docket 33 is DENIED IN PART and GRANTED IN PART as follows:

- The ConocoPhillips Defendants' motion to dismiss Mr. Mabry's First Claim for Relief for breach of fiduciary duty against ConocoPhillips is GRANTED.

- The ConocoPhillips Defendants' motion to dismiss Mr. Mabry's Prayer for Relief requesting equitable estoppel as it relates to his First Claim for Relief is GRANTED.

- The ConocoPhillips Defendants' motion to dismiss Mr. Mabry's Prayer for Relief requesting surcharge as it relates to his First Claim for Relief is DENIED.

- The ConocoPhillips' motion to dismiss Mr. Mabry's Third Claim for Relief against the Benefits Committee for violation of ERISA § 105 is GRANTED.

Alight's motion to dismiss Mr. Mabry's Second, Fourth, and Fifth Claims for Relief at Docket 37 is GRANTED.

The dismissal of all these claims is without prejudice at this time. If Plaintiff can amend the complaint consistent with Rule 11 and within the confines of Ninth

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 37 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 37 of 38

Circuit authority, Plaintiff may file a motion seeking leave to file such an amended complaint in accordance with Local Civil Rule 15.1. Such motion shall be filed no later than **28 days from the date of this order.** If Plaintiff does not file the motion by that date, then all claims dismissed by this order shall be with prejudice.

DATED this 19th day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendants' Motions to Dismiss
Page 38 of 38

Case 3:20-cv-00039-SLG   Document 49   Filed 01/19/21   Page 38 of 38