**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

MONTE MABRY,

          Plaintiff,

    v.

CONOCOPHILLIPS CO., *et al.*,

          Defendants.

Case No. 3:20-cv-00039-SLG

## ORDER RE MOTION FOR RECONSIDERATION

Before the Court at Docket 57 is Plaintiff Monte Mabry's Motion for Reconsideration of the Court's order at Docket 49. Defendant Alight Solutions LLC ("Alight") responded at Docket 60, to which Plaintiff replied at Docket 63. Defendants ConocoPhillips Co. ("ConocoPhillips") and the Benefits Committee of the ConocoPhillips Retirement Plan ("Benefits Committee") (collectively, "ConocoPhillips Defendants") responded at Docket 62, to which Plaintiff replied at Docket 64.

## BACKGROUND

The factual allegations in this case are set forth in detail in the Court's January 19, 2021 order at Docket 49, and the Court assumes familiarity here. In brief, Mr. Mabry's allegations arise from a dispute regarding his pension benefits. Specifically, Mr. Mabry alleges that Alight provided him with vastly overstated pension benefit estimates through its website while serving as a third-party

administrator for the Benefits Committee, which Mr. Mabry relied on to his detriment. Mr. Mabry commenced this action against the ConocoPhillips Defendants and Alight, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") against all defendants as well as state law tort claims against Alight.[1]

In its January 19, 2021 order, the Court dismissed Mr. Mabry's breach of fiduciary duty claims against Alight after determining that "the Amended Complaint does not plausibly allege that Alight was acting as a fiduciary when it provided Mr. Mabry with pension estimates and statements."[2] The Court also dismissed Mr. Mabry's state law claims against Alight as preempted by ERISA.[3] Additionally, the Court dismissed Mr. Mabry's fiduciary claim against ConocoPhillips because he did not plead facts showing that ConocoPhillips had violated any fiduciary duty in appointing and monitoring members of the Benefits Committee or when it sent him letters regarding the segregation of his benefits and those of an alternate payee.[4] The Court also dismissed Mr. Mabry's ERISA § 105 claim against the Benefits Committee after determining that accessing an online calculator on Alight's website to calculate benefit projections did not constitute a written request for a

---

[1] Docket 16 (Am. Compl.); 29 U.S.C. § 1001 *et seq.*

[2] Docket 49 at 21 (Order).

[3] Docket 49 at 31–36 (Order).

[4] Docket 49 at 23–25 (Order).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 2 of 24

benefit statement under ERISA.[5]  On February 22, 2021, the Court ordered those claims dismissed with prejudice, as Mr. Mabry had not amended his complaint within 28 days in accordance with the January 19, 2021 order.[6]  On April 19, 2021, Mr. Mabry filed the instant motion for reconsideration of the Court's January 19, 2021 order on the basis of new Ninth Circuit authority.[7]

## DISCUSSION

### I.  Legal Standards

#### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

When reconsideration of such an order is sought, a court has "inherent jurisdiction to modify, alter or revoke it."[8]  "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based

---

[5] Docket 49 at 29–31 (Order).

[6] Docket 52 (Text Order).

[7] Docket 57 (Mot. for Reconsideration).

[8] *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (affirming district court's recission of order certifying interlocutory appeal where district court rescinded order before appellate court order had entered order permitting interlocutory appeal).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 3 of 24

on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."[9]  A "court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority . . . ."[10]

## B. Motion to Dismiss

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  "Dismissal without leave to amend is improper, unless it is clear . . . that the complaint could not be saved by any amendment."[14]

---

[9] *Id.*

[10] *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1094 n.2 (9th Cir. 2005) (quoting *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995)).

[11] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Id.* (citing *Twombly*, 550 U.S. at 556).

[14] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 4 of 24

## II.   *Bafford v. Northrop Grumman Corp.*

On April 15, 2021, subsequent to the Court's January 19, 2021 order, the Ninth Circuit issued its opinion in *Bafford v. Northrop Grumman Corp.*, which concerned similar allegations and claims to this case.[15]   In *Bafford*, the plaintiffs were provided grossly exaggerated benefit estimates through a third-party administrator's website based on a calculation error.[16]   The plaintiffs retired and initially received retirement benefits in line with the erroneous calculation.[17]   When the calculation error was eventually discovered, the plaintiffs' pension payments were reduced, and one plaintiff was told she must repay more than $35,000 of the benefits she had already received.[18]   The plaintiffs filed suit, alleging: (1) breaches of fiduciary duties under ERISA against the third-party administrator, the plan administrator, and the plan sponsor; (2) violations of ERISA § 105 against the plan administrator, and (3) professional negligence and negligent misrepresentation claims against the third-party administrator.[19]   The district court dismissed all of the plaintiffs' claims.

---

[15] 994 F.3d 1020 (9th Cir. 2021).

[16] *Id.* at 1025.

[17] *Id.*

[18] *Id.*

[19] *Id.*   The *Bafford* plaintiffs also alleged a violation of ERISA § 406, which is not relevant here.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 5 of 24

The Ninth Circuit affirmed the district court's dismissal of the fiduciary claims against all defendants. The Ninth Circuit held that the plaintiffs' fiduciary claim against the third-party administrator failed because "calculation of pension benefits is a ministerial function that does not have a fiduciary duty attached to it."[20] Therefore, the plan administrator and the plan sponsor likewise "did not breach a fiduciary duty by failing to ensure that [the third-party administrator] correctly calculated Plaintiffs' benefits."[21]

The Ninth Circuit also upheld the district court's dismissal of the ERISA § 105 claim against the plan administrator because the plaintiffs' "complaint does not allege that the online platform request was 'written.'"[22] But the Ninth Circuit held that the "use of an online platform to request a pension benefit statement *can* satisfy the writing requirement" of ERISA § 105(a)(1)(B)(ii).[23] The Ninth Circuit stressed that "[i]f Plaintiffs' complaint alleged facts which, if true, would show Plaintiffs' 'intentional recording of words in a visual form' that conveyed a request for a pension benefit statement, their [§ 105(a)(1)(B)(ii)] claim could survive."[24] As

---

[20] *Id.* at 1028.

[21] *Id.*

[22] *Id.* at 1029.

[23] *Id.* (emphasis in original).

[24] *Id.* at 1030 (quoting Black's Law Dictionary, "Writing" (11th ed. 2019)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 6 of 24

such, the Ninth Circuit held that on remand, the district court should permit the plaintiffs to file an amended complaint as to this claim.

The Ninth Circuit also reversed the district court's dismissal of the state law claims against the third-party administrator. The Ninth Circuit first noted that a state law is preempted "if it has a connection with or reference to [an ERISA-regulated] plan."[25] The circuit court then held that negligence claims based on common law negligence principles are not preempted by the "reference to" prong because "[t]hese laws do not act immediately and exclusively on ERISA plans, and the existence of an ERISA plan is not essential to these laws' operation."[26] The Ninth Circuit then turned to the "connection with" prong, "under which a state law claim is preempted when the claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee."[27] The circuit court held that the plaintiffs' state law claims were not preempted by the "connection with" prong because those claims "d[id] not bear on the relationship between Plaintiffs and the Plan; between [the plan sponsor], [the plan administrator], and the Plan; or between Plaintiffs, [the plan sponsor], and [the plan administrator]."[28]

---

[25] *Id.* at 1031 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47(1987)).

[26] *Id.* (internal quotation marks omitted) (quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009)).

[27] *Id.* (quoting *Paulsen*, 559 F.3d at 1082).

[28] *Id.* at 1031–32 (footnote omitted).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 7 of 24

### III.  Analysis

#### A. State Law Claims

##### 1.  Preemption

The threshold issue the Court must decide is the applicable standard for reconsideration of the January 19, 2021 and February 22, 2021 orders.  Mr. Mabry styled his motion as one for reconsideration pursuant to Rule 60(b)(6).[29]  This may well be due to the fact that Local Civil Rule 7.3(h) requires that a "motion for reconsideration of an order granting a dispositive motion must be filed pursuant to Federal Rule of Civil Procedure 59 or 60."  Alight urges that Rule 60(b)(6) motions require a "case-by-case inquiry . . . captur[ing] all of the relevant circumstances" and a showing of "extraordinary circumstances."[30]  Mr. Mabry asserts that he "seeks reconsideration of an interlocutory order" and that "the Court should exercise its inherent power to reconsider its ruling and should reinstate Mr. Mabry's state-law claims."[31]

Here, the Court's January 19, 2021 and February 22, 2021 orders did not resolve "the rights and liabilities" of all the parties and therefore "may be revised at any time before the entry of a judgment adjudicating all the claims and all the

---

[29] Docket 57 at 2 (Mot. for Reconsideration).  The Court interpreted it as such for the purposes of determining the briefing schedule.  Docket 58 (Request for Response).

[30] Docket 60 at 2 (Alight Opp.) (quoting *Stafford v. Eli Lilly & Co.*, 801 Fed. App'x 467, 469–70 (9th Cir. 2020).

[31] Docket 63 at 2 (Reply).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 8 of 24

parties' rights and liabilities."[32]  No final judgment has been entered; nor has the Court certified the January 19, 2021 order as appealable pursuant to Rule 54(b). Thus, Rule 60(b) does not apply.[33]  Nor does Rule 60(b) cabin the Court's discretion to reconsider its own non-appealable orders over which it retains jurisdiction.[34]  Thus, the Court may reconsider its prior order where there has been an "intervening change in the law" without the need to identify the "extraordinary circumstances" required for Rule 60(b) relief.[35]

Turning to the merits of Mr. Mabry's motion, Mr. Mabry asserts that "[t]he facts of this case are not meaningfully different from those in . . . *Bafford*" because "Mr. Mabry's state-law claims against Alight – that Alight acted negligently in misinforming him about the amount of his pension – relate only to the relationship between him and Alight, not to his relationship with the Plan, ConocoPhillips, or

---

[32] Fed. R. Civ. P. 54(b).

[33] *Martin*, 226 F.3d at 1048 n.8 ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders . . . .").

[34] *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (rejecting argument that Rule 60 is the "only specific authority" supporting a district court's ability to rescind interlocutory order and explaining that "a district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure," specifically Rule 60(b)).

[35] L. Civ. R. 7.3(h)(1)(C); *Henson v. Fidelity v. National Financial, Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019); *see also Jenkins*, 398 F.3d at 1094 n.2 (A "court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority . . . ."). The Court has referred this issue to the District of Alaska's Rules Attorney to amend Local Civil Rule 7.3(h)(5) to apply only to appealable orders.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 9 of 24

the Committee."[36]  Alight contends that *Bafford* is not controlling law because it

conflicts with *Gibson v. Prudential Insurance Co. of America*.[37]  According to Alight,

"resolution of an intra-circuit split defaults to the earlier decision" until the "*en banc*

court can resolve the intra-circuit split."[38]

In *Gibson*, the Ninth Circuit concluded that "Congress did intend ERISA to

preempt claims that relate to an employee benefit plan even if the defendant is a

nonfiduciary."[39]  But this proposition was rendered overbroad by the Supreme

Court's subsequent decision in *New York State Conference of Blue Cross & Blue

Shield Plans v. Travelers Insurance Co.*[40]  There, the Supreme Court "narrowed

the applicability of [the preemption provision]," which "ha[d] been construed quite

broadly in the past."[41]  Subsequently, the Ninth Circuit has issued several opinions

regarding ERISA preemption of state law claims in a variety of factual situations.[42]

---

[36] Docket 57 at 5 (Mot. for Reconsideration).

[37] Docket 60 at 3 (Alight Opp.) (citing *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 418 (9th Cir. 1990)).

[38] Docket 60 at 3 (Alight Opp.) (citing *McMellon v. United States*, 387 F.3d 329, 332–33 (4th Cir. 2004 (*en banc*); and *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1479 (9th Cir. 1987).

[39] *Gibson*, 915 F.2d at 418.

[40] 514 U.S. 645 (1995).

[41] *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 820 (9th Cir. 2001) (citing *Travelers*, 514 U.S. 645, and  *Toumajian v. Frailey*, 135 F.3d 648, 654 n.3  (9th Cir. 1998) (acknowledging that after *Travelers*, "the scope of this broad 'relate to' preemption was markedly narrowed")).

[42] *See Paulsen*, 559 F.3d at 1081–83 (holding state law professional negligence claims against third-party actuary hired to spin off plan assets not preempted); *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 979–84 (9th Cir. 2001) (holding tortious invasion of privacy claim arising from investigator retained to investigate disability claim by insurance company administering

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 10 of 24

It is difficult to identify a clear path of Ninth Circuit authority through the "relate to" preemption jurisprudence.[43]  Nonetheless, the Court declines Alight's invitation to disregard published on point Ninth Circuit precedent that contradicts the reasoning relied on by this Court in issuing its January 19, 2021 order finding Mr. Mabry's state law claims preempted.[44]  *Bafford* also involved state law claims against Alight in which plan participants alleged that Alight overestimated the participants'

---

ERISA plan not preempted); *Ore. Teamsters Emp'rs Trust v. Hillsboro Garbage Disposal*, 800 F.3d 1151, 1155 (9th Cir. 2015) (holding breach of contract claim by ERISA plan against employees of separate but commonly owned company preempted because analysis of terms of ERISA plan would be required); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (holding breach of contract by health insurer against two plan participants not preempted because parties were "not disputing the correctness of the benefits paid," but rather insurer was "simply attempting, through contract law, to enforce the reimbursement provision" in the plan and subsequent agreements and thus "adjudication of its claim does not require interpreting the plan or dictate any sort of distribution of benefits"); *Wise v. Verizon Comm'n, Inc.*, 600 F. 3d 1180, 1190–91 (9th Cir. 2010) (holding state law claims of fraud, misrepresentation, and negligence arising from employer's false assurance regarding benefits to induce rehire preempted because the claims "all depend on the existence of an ERISA-covered plan to demonstrate that [plaintiff] suffered damages: the loss of insurance benefits").

[43] *See Paulsen*, 559 F.3d at 1081 ("[W]e have . . . remarked that the 'relate to' language has been the source of great confusion and multiple and slightly differing analyses."); *Dishman*, 269 F.3d at 980 (noting that "[i]t is with great trepidation that we tread into the field of ERISA preemption" and recognizing the "amorphous contours of the preemption doctrine"); *Travelers*, 514 U.S. at 656 (referring to the text of the ERISA preemption provision as "unhelpful"); *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 335 (1997) (Scalia, J., concurring) ("Our earlier [ERISA preemption] cases sought to apply faithfully the statutory prescription that state laws are pre-empted 'insofar as they . . . relate to any employee benefit plan.' . . .  But applying the 'relate to' provision according to its terms was a project doomed to failure, since, as many a curbstone philosopher has observed, everything is related to everything else." (citations omitted)).

[44] Alight also suggests that the Court should not yet apply *Bafford* because no mandate has issued.  Docket 60 at 2–3.  However, published opinions by the Ninth Circuit constitute binding authority regardless of whether a mandate has issued.  *See In re Zermeno-Gomez*, 868 F.3d 1048, 1051–53 (9th Cir. 2017) (holding district courts committed clear error by treating published opinion as non-binding on the basis of a stayed mandate).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 11 of 24

benefits while acting as a third-party administrator for the plan.[45]  The Ninth Circuit in *Bafford* determined those state law claims did not share an impermissible reference to or connection with an ERISA-governed plan and thus were not preempted.  This Court therefore reconsiders its earlier ruling and finds that Mr. Mabry's state law claims against Alight are not preempted by ERISA.

### 2.  Failure to State a Claim

Having determined that Mr. Mabry's state law claims are not preempted, the Court next turns to the merits of Alight's motion to dismiss Mr. Mabry's claims for professional negligence and negligent misrepresentation.[46]  Alight maintains that Mr. Mabry cannot allege that Alight owed him any duty of care because Alight is "merely the record-keeper and service provider under contract with other defendants."[47]  Mr. Mabry responds that the Amended Complaint "plausibly alleges that plan participants were intended third-party beneficiaries of Alight's contract to provide professional services to the Plan," which he maintains gives rise to a duty under Alaska and Ninth Circuit law.[48]

---

[45] At that time, Alight was Hewitt Associates LLC.  *Bafford*, 994 F.3d at 1024.

[46] Mr. Mabry requests additional briefing on the merits.  Docket 63 at 5.  However, this issue was fully briefed before the Court's January 19, 2021 order and the Court finds this issue appropriate to consider at this time.

[47] Docket 37 at 31.

[48] Docket 41 at 49; *see also* Docket 41 at 49–53 (citing *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1197–98 (9th Cir. 2001); *Perotti v. Corr. Corp. of Am.*, 290 P.3d 403, 408 (Alaska 2012); *Howell v. Ketchikan Pulp Co.*, 943 P.2d 1205, 1207 (Alaska 1997); *Rathke v. Corr. Corp. of Am., Inc.*, 153 P.3d 303, 310–11 (Alaska 2007)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 12 of 24

Because Mr. Mabry's common law claims arise under Alaska state law and are before the Court in diversity, Alaska state law controls.[49]  Under Alaska law, "[a] professional malpractice action involves a professional's alleged breach of a duty of due care which was implied by law as a result of a contractual undertaking."[50]  The intended third-party beneficiaries of a contract may sue under the contract.[51]  The Alaska Supreme Court refers to the Restatement (Second) of Contracts to determine whether a third party is an intended beneficiary of a contract.[52]  The Restatement (Second) of Contracts provides that:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> > (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

---

[49] "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  *See, e.g.*, *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 841 (9th Cir. 2005), *amended*, 433 F.3d 1089 (9th Cir. 2006) ("Under *Erie Railroad Co. v. Tompkins*, federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.") (internal citation and quotation marks omitted).

[50] *Cornelison v. TIG Insurance*, 376 P.3d 1255, 1271 (Alaska 2016) (internal quotation marks omitted).

[51] *See Rathke*, 153 P.3d at 310–11 (holding that inmates were third-party beneficiaries of state's contract with private prison and thus could sue the prison under the contract despite not being parties to the contract).

[52] *Id.* at 310.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 13 of 24

> > (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> > (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.[53]

In applying these provisions, the objective motivations of the parties, in particular the promisee, "are determinative."[54] "As a general rule, if the promised performance is rendered directly to the beneficiary, the intent to benefit the third party will be clearly manifested . . . This general rule [] applies in [] contexts where the promisor has promised to perform a duty which the promisee owes to the beneficiary."[55]

In his Amended Complaint, Mr. Mabry alleges that the ConocoPhillips Defendants "contracted with Alight to carry out certain of the Benefits Committee's responsibilities for the ConocoPhillips Plan, including its pension benefit statement responsibilities under ERISA § 105(a) and its responsibility for processing pension applications and for deciding first-level benefit appeals."[56] According to these allegations, the Benefits Committee owed legal duties under ERISA to Mr. Mabry and other plan participants, and Alight promised to render performance of those duties directly to the plan participants. The general rule under Alaska law instructs

---

[53] Restatement 2d. Contracts § 302 (1979).

[54] *Rathke*, 153 P.3d at 310.

[55] *Id.* (quotation marks omitted).

[56] Docket 16 at 4, ¶ 12 (Am. Compl.).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 14 of 24

that this clearly manifests the intent to benefit plan participants.[57]   As such, Mr.

Mabry has plausibly pleaded that he was owed a duty of care as a third-party

beneficiary under the contract pursuant to Alaska state law.

Alight cites *Cornelison v. Tig Insurance*, in which professional negligence

claims were dismissed because there was no contractual relationship between the

plaintiff and the defendants.[58]   However, *Cornelison* involved a claim by an

employee against the physician who conducted a medical examination regarding

his workers' compensation claim on behalf of his employer.[59]   Under Alaska law,

"an employer's doctor in a workers' compensation case generally does not enter

into a physician-patient relationship with the injured worker," and thus the physician

did not owe a duty of care to the employee.[60]   *Cornelison* is inapposite because

the physician was hired to provide an evaluation to the employer rather than to

provide medical services to the employee.  Alight also asserts that *Paulsen v. CNF,*

*Inc.* "holds *against* Plaintiff on this issue" where it states that "[w]e hold that [the

third party administrator] does not generally owe a duty of ordinary care to the

---

[57] *See Rathke*, 153 P.3d at 310 ("This general rule also applies in other contexts where the promisor has promised to perform a duty which the promisee owes to the beneficiary. The Restatement provides the following illustration for § 302: 'B promises A to furnish support for A's minor child C, whom A is bound by law to support. C is an intended beneficiary under Subsection (1)(a).'").

[58] 376 P.3d 1255, 1270–71 (Alaska 2016).

[59] *Id.* at 1262.

[60] *Id.* at 1271.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 15 of 24

Employees, who are not [the third party administrator's] clients."[61]  Setting aside

that the Ninth Circuit was not applying Alaska state law, the Ninth Circuit held in

*Paulsen* that the third-party administrator "may owe a duty to the Employees if they

can be considered intended third party beneficiaries" of the service agreement and

remanded so that the district court could consider a "more complete factual

record."[62]

In its response to Mr. Mabry's Motion for Reconsideration, Alight attaches a

new portion of its contract with the ConocoPhillips Defendants that purports to

disclaim any third-party beneficiary status.[63]  Because the Court does not have the

benefit of the entire contract and because this issue has not been appropriately

briefed, the Court declines to consider this argument at this time.[64]  With still only

---

[61] Docket 44 at 25–26 (quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009)) (alterations in Docket 44).

[62] *See Paulsen*, 559 F.3d at 1080.  On remand, the district court denied the third-party actuary's motion to dismiss and found that, under California law, "Plaintiffs have sufficiently alleged that the Plan intended to discharge its statutory duty to the Plan participants when it contracted with Towers Perrin for actuary services, and that Towers Perrin was aware of this intention when it performed the contract, to state a claim for professional negligence on the theory that Plaintiffs were creditor beneficiaries of the service contract."  *Paulsen v. CNF, Inc.*, Case No. C 03-03960 JW, 2010 WL 11614257, at *4 (N.D. Cal. Jan 13, 2010).

[63] Docket 60-1 at 2, ¶ 25.5.

[64] *See also* Local Civil Rule 7.3(h)(1) ("A court will ordinary deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts *not previously available*; or (C) intervening change in the law.") (emphasis added).  Under Alaska law, in contracts, "where one section deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is a conflict, the specific section will control over the general."  *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1004 (Alaska 2004) (quoting *Estate of Hutchinson*, 577 P.2d 1074, 1075 (Alaska 1978)).  Without having reviewed the entire contract, it is not clear to the Court whether such a disclaimer would be dispositive.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 16 of 24

a fraction of Alight's contract provided, the Court finds that Mr. Mabry has sufficiently pleaded that Alight owed him a duty as a third-party beneficiary with respect to his professional negligence claim.[65]

Alight also contends that Mr. Mabry cannot state a claim for negligent misrepresentation because Mr. Mabry "cannot allege justifiable reliance as a matter of law."[66] Alight asserts that Mr. Mabry's reliance was not justifiable because he knew that a large portion of his pension would go to the alternate payee under the qualified domestic relations order ("QDRO"), and because the pension benefit estimates contained express disclaimers.[67]

Mr. Mabry maintains that he has plausibly pleaded that his reliance on Alight's alleged misrepresentations was reasonable for two reasons: first, because ConocoPhillips sent him two letters telling him that "the alternate payee's share would be segregated as a separate defined benefit solely under her name";[68] and second, because the benefit statements "were 'estimates' *only* inasmuch as they were based upon assumptions regarding Mr. Mabry's future benefit

---

[65] *See Paulsen*, 559 F.3d at 1079–80 ("The Employees might be unable to ultimately prevail on a third party beneficiary theory, but we cannot conclude that they have not brought themselves within the third party beneficiary exception insofar as a motion to dismiss is concerned.").

[66] Docket 37 at 32 (citing *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 129 P.3d 905, 915 (Alaska 2006)).

[67] Docket 37 at 32.

[68] Docket 41 at 54.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 17 of 24

commencement date and the applicable interest rate," where every other variable after his termination was fixed.[69]

Under Alaska law, "[i]n a common law tort action for misrepresentation there must be justifiable reliance on the false information supplied."[70]  Thus, Mr. Mabry must plausibly plead facts that, if proven, would establish that he justifiably relied on Alight's benefit statements.  Alight's contention that Mr. Mabry knew a large portion of his pension would go to the alternate payee is undercut by the fact that Mr. Mabry allegedly received two letters stating that "the alternate payee's benefit will be segregated as a separate defined benefit solely under her name, for her benefit and as her sole and separate property."[71]  Mr. Mabry alleges that he was not informed until 2018 that the benefit estimates on Alight's website did not, in fact, factor in the QDRO.[72]  The Court find that Mr. Mabry has plausibly alleged that he reasonably relied on the benefit statements in making personal financial decisions and in planning for retirement.

Alight's second argument regarding the disclaimers displayed on the benefit statements is more availing.  Mr. Mabry asserts that the statements were "estimates" only because they were based on hypothetical benefit commencement

---

[69] Docket 41 at 55 (emphasis in original).

[70] *Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007).

[71] Docket 16 at 9–10, ¶¶ 47–48 (Am. Compl.) (internal quotation marks omitted).

[72] Docket 16 at 13, ¶¶ 65–67 (Am. Compl.).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 18 of 24

dates; however, that does not address that the disclaimers specifically contemplated that the estimates might not be in accordance with the terms of the Plan.[73] Nonetheless, pension estimates are provided so that plan participants can use them to plan their future retirement. It would therefore appear arguably reasonable for pension plan beneficiaries to rely on the benefit statements to help plan for their retirement, particularly when they are unaware of major flaws in the calculation process. Mr. Mabry alleges that he did just that by using the benefit estimates "in making employment choices and savings and spending decisions, including decisions about funding his children's college educations."[74] Alight has not identified precedent establishing as a matter of Alaska law that it was unreasonable for Mr. Mabry to rely on these estimates for planning his retirement.[75]

Accordingly, the Court finds that Mr. Mabry has plausibly pleaded justifiable

---

[73] *See* Docket 16-1 at 2 ("ConocoPhillips reserves the right to correct any errors. Specifically, if the estimate conflicts with the benefit defined by the [Plan], the [Plan] will prevail. Under the law a plan must be operated in accordance with its terms.").

[74] Docket 16 at 15–16, ¶ 81 (Am. Compl.).

[75] For example, Alight cites *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Corp.*, in which the Alaska Supreme Court upheld the lower court's finding after a bench trial that the plaintiff had not actually relied on the defendant's statements and in the alternative that the statements were so "hedged" that any reliance would be unreasonable. Docket 37 at 32 (citing 129 P.3d 905, 914 (Alaska 2006)). But this case does not support Alight's position at the motion to dismiss stage because it merely held that justifiable reliance is a question of fact on which the trial court's determination is reviewed for clear error. *Anchorage Chrysler Ctr., Inc.*, 129 P.3d at 914–15 ("Although some courts appear to hold that determinations as to whether reliance was justified can be a question of law reviewed de novo, our own precedents suggest that it is a question of fact, and it seems that most jurisdictions that have addressed the issue say it is either a purely factual issue or a mixed question of law and fact, to be reviewed for clear error in either event. We will therefore extend deference to the superior court's determination and reverse only if reasonable minds could not disagree that reliance was justified.") (citations omitted)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 19 of 24

reliance as an element of his negligent misrepresentation claim and will reconsider its January 19, 2021 order and deny Alight's motion to dismiss Mr. Mabry's state law claims.

## B. ERISA § 105

Mr. Mabry asserts that in *Bafford*, "the Ninth Circuit . . . rejected the reasoning of *Wilson* and this Court" that an online request for a pension benefit statement cannot be a "written request" within the meaning of ERISA § 105.[76] Thus, Mr. Mabry contends, "this Court should likewise now permit Mr. Mabry to amend his third claim for relief."[77]

The ConocoPhillips Defendants respond that Mr. Mabry has provided only a bare allegation regarding the use of an online platform and has "not attach[ed] a copy of any proposed amended pleading" or "state[d] what additional facts he might plead if given the opportunity" and thus "any amendment would be futile and should be denied."[78]  The ConocoPhillips Defendants also argue in the alternative that "the Court should . . . dismiss Plaintiff's claim because it is premised on the retroactive application of *Bafford*" and that "it would be inequitable to penalize Benefits Committee based on its alleged failure to respond to" an electronic

---

[76] Docket 57 at 4 (Mot. for Reconsideration).

[77] Docket 57 at 4 (Mot. for Reconsideration)..

[78] Docket 62 at 6 (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)) (footnote omitted).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 20 of 24

request where "no court had held that liability may attach to electronic requests at the time that Plaintiff claims to have made them."[79]

In reply, Mr. Mabry asserts that "he had to do more than click a single button to obtain a pension benefit statement from Alight's website" and thus "should be permitted to amend his complaint to include specific allegations regarding the process for obtaining an online pension benefit statement from the ConocoPhillips benefits website."[80]  Mr. Mabry also argues that "remedies for a violation of Section 105 are not limited to statutory penalties, but can include equitable remedies," and that in any event, "arguments about the appropriateness of statutory penalties are addressed to the Court's exercise of discretion under Section 502(c), not to whether the Court should reconsider its dismissal order in light of *Bafford*."[81]

The holding in *Bafford* that an online request may suffice as a "written request" under § 105 plainly controls.   And, given the similarity between the allegations in Mr. Mabry's Amended Complaint and those in the complaint in *Bafford*, the Court finds that while Mr. Mabry's bare allegations do not suffice to state a § 105 claim, he will be afforded leave to amend his complaint to allege those facts.   Moreover, "[t]he default principle is that a court's decisions apply retroactively to all cases still pending before the courts.  Federal courts may depart

---

[79] Docket 62 at 9–10.

[80] Docket 64 at 3.

[81] Docket 64 at 4–5 (citing ERISA § 502(c) and *Romero v. SmithKline Beecham*, 309 F.3d 113, 120 (3d Cir. 2002)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 21 of 24

from that default principle only in certain circumstances . . . ."[82]  Because the court

in *Bafford* issued an opinion in a civil case that announced a new rule of law that

did not concern jurisdiction, the Court applies the *Chevron Oil* factors to determine

whether the law should be applied retroactively.[83]  The three *Chevron Oil* factors

are: "(1) whether the decision establish[es] a new principle of law; (2) whether

retrospective operation will further or retard [the rule's] operation in light of its

history, purpose, and effect; and (3) whether our decision could produce

substantial inequitable results if applied retroactively."[84]  The ConocoPhillips

Defendants have argued only that application of *Bafford* would be inequitable

because it concerned an issue of first impression; they did not adequately address

the remaining factors.  Therefore, the Court finds that the presumption of

retroactivity has not been overcome and Mr. Mabry may file an amended complaint

that includes a § 105 claim against the Benefits Committee.

### C. Breach of Fiduciary Duty Claim Against the Benefits Committee

The ConocoPhillips Defendants assert that after *Bafford*, Mr. Mabry "cannot

state a claim for breach of fiduciary duty as a matter of law against either a named

---

[82] *Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) (*en banc*).

[83] *See id.* at 691 ("We apply the three-pronged test outlined in *Chevron Oil* (1) in a civil case; (2) when we announce a new rule of law, as distinct from applying a new rule that we or the Supreme Court previously announced; (3) and when the new rule does not concern our jurisdiction.").

[84] *Id.* at 691–92 (internal quotation marks omitted) (alteration in original) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07 (1971)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 22 of 24

fiduciary or an alleged functional one because the function—the calculation of benefits according to a predetermined formula—is not fiduciary in nature."[85]  The ConocoPhillips Defendants also add that the Ninth Circuit in *Bafford* held that there can be no "imputed liability where, as here, the delegated function at issue is not fiduciary in nature."[86]

Mr. Mabry replies that this "request is improper" because "[a] request for a court order must be made by motion—not by a response to a motion" and that it "is also untimely, because a motion for reconsideration based on a change in law must be made within 14 days after the change in law."[87]

The Court agrees with Mr. Mabry that the ConocoPhillips Defendants' request is improper in this context and at this time.  The ConocoPhillips Defendants did not move to dismiss Mr. Mabry's breach of fiduciary duty claim against the Benefits Committee in its motion to dismiss.  Thus, there is no motion as to this claim for the Court to reconsider.

## CONCLUSION

In light of the foregoing, the order at Docket 49 and the order at Docket 52 are VACATED in part. **as to Claims 3, 4, and 5 only**.  IT IS FURTHER ORDERED that on reconsideration, Alight's Motion to Dismiss at Docket 37 **as to Claims 4**

---

[85] Docket 62 at 4 (citing *Bafford*, 994 F.3d at 1028).

[86] Docket 62 at 4 (citing *Bafford*, 994 F.3d at 1028).

[87] Docket 64 at 5 (citing Fed. R. Civ. P. 7(b) and Local Civ. R. 5.1(f), 7.1(f), 7.3(h)(3)(B)).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 23 of 24

**and 5** is DENIED.  Alight shall file its answer to the Amended Complaint within 14 days of this order.[88]

IT IS FURTHER ORDERED that on reconsideration, ConocoPhillips' and the Benefits Committee's Motion to Dismiss at Docket 33 **as to Claim 3** is GRANTED.  If Plaintiff can file an amended complaint consistent with Rule 11 and within the confines of Ninth Circuit authority, Plaintiff may file a motion seeking leave to file such an amended complaint in accordance with Local Civil Rule 15.1. Such motion shall be filed no later than **14 days from the date of this order.**  If Plaintiff does not file the motion by that date, then the Third Claim of Relief shall be dismissed with prejudice.

DATED this 6th day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[88] *See* Fed. R. Civ. P. 12(a)(4)(A).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion for Reconsideration
Page 24 of 24