# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MONTE MABRY,<br><br>        Plaintiff,<br><br>        v.<br><br>CONOCOPHILLIPS CO., *et al.*,<br><br>        Defendants. | Case No. 3:20-cv-00039-SLG |

## ORDER RE MOTION TO STRIKE

Before the Court at Docket 54 is Plaintiff Monte Mabry's Motion to Strike Benefits Committee's "Defenses and Affirmative Defenses." Defendant Benefits Committee of the ConocoPhillips Retirement Plan ("Benefits Committee") responded at Docket 55, to which Mr. Mabry replied at Docket 56.

At issue is whether the Benefits Committee has sufficiently pleaded the defenses and affirmative defenses contained in its Answer to Mr. Mabry's Amended Complaint.[1] Because the Court has reconsidered its January 19, 2021 order dismissing several of Mr. Mabry's claims and granted Mr. Mabry leave to amend his complaint, Mr. Mabry's Motion at Docket 54 is DENIED as moot.[2]

---

[1] Docket 16 (Am. Compl.); Docket 51 (Answer).

[2] *See* Docket 67 (Order re Mot. for Reconsideration).

In anticipation of future motions, the Court notes that while the Court takes no position on whether the "fair notice" standard or the heightened *Twombly-Iqbal* pleading standard applies to affirmative defenses at this time, many courts in this circuit find that neither standard is satisfied where affirmative defenses are pleaded without any supporting facts.[3] *Vistan Corp. v. Fadei USA, Inc.*, cited by the Benefits Committee, is distinguishable because the affirmative defenses pled in that case were in response to a complaint that was "vague as to which claims of its patent are asserted" and the claims would be governed by local patent rules that would "require the specificity that Plaintiff seeks as to the [challenged] defense."[4] Nonetheless, "[c]ourts often regard motions to strike with disfavor, since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice," and the Court is not convinced that motions to strike affirmative defenses as insufficiently pled will foster efficiency and preserve the resources of the litigants and the Court.[5]

---

[3] *See, e.g.*, *Rosen v. Masterpiece Marketing Grp., LLC*, 222 F. Supp. 3d 793, 804 (C.D. Cal. 2016) ("Defendant's fifth affirmative defense is inadequate under either the 'fair notice' or *Twombly-Iqbal* standard. Plaintiff has alleged direct copyright infringement under 17 U.S.C. sections 106 and 501 and violation of the Digital Millennium Copyright Act under 17 U.S.C. section 1202(a). (FAC 8, 10.) MMG has not alleged which of these statutes' limitations periods have run, what conduct caused such limitations periods to trigger, or any facts that might effectively put Plaintiff on notice of the factual basis for this defense."). The District of Arizona and the District of Nevada appear to be outliers in this Circuit.

[4] Case No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. 2011).

[5] *Van v. LLR, Inc.*, Case No. 3:18-cv-0197-HRH, 2021 WL 816935, at *2 (D. Alaska Mar. 3, 2021) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)); *see also United States ex rel. Patzer v. Sikorsky Aircraft Corp.*, 382 F. Supp. 3d 860, 867 (E.D. Wis. 2019) ("[D]ue to the liberal standard for granting leave to amend a pleading, see Fed. R. Civ. P. 15(a)(2), a motion to strike a boilerplate defense, even if successful, will usually

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Motion to Strike
Page 2 of 3

DATED this 6th day of July, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

result in the defendant's being granted leave to amend. This, in turn, could lead to a successive motion to strike that will consume additional resources for no good reason. [Moreover], if defendants must plead affirmative defenses in greater detail, they may find it necessary to omit a defense from their answer until they uncover facts that support it during discovery. If they discover such facts, they must move for leave to amend their answer to add the defense. I suspect that plaintiffs would oppose such motions by arguing that the discovered facts do not support the defense and that therefore leave to amend would be futile. All of this would consume additional resources, again for no good reason. It would be better to allow the defendant to raise any defenses that might apply to the type of claim alleged by the plaintiff in its answer to avoid waiver. Most of the defenses will then fall by the wayside without any action by the plaintiff or the court, and any serious defenses can be addressed in motions for summary judgment or at trial.").

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al*.
Order re Motion to Strike
Page 3 of 3