# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MONTE MABRY,<br><br>              Plaintiff,<br><br>     v.<br><br>CONOCOPHILLIPS COMPANY, *et al.*,<br><br>              Defendants. | Case No. 3:20-cv-00039-SLG |

## ORDER RE DEFENDANT BENEFIT COMMITTEE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Before the Court at Docket 79 is Defendant Benefits Committee of the ConocoPhillips Retirement Plan's (the "Benefits Committee") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Plaintiff Monte Mabry responded in opposition at Docket 81. The Benefits Committee replied at Docket 83. Oral argument was not requested and was not necessary to the Court's determination.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The factual allegations and procedural history of this case are set forth in detail in the Court's January 19, 2021 order at Docket 49 and July 6, 2021 order at Docket 67. The Court assumes familiarity here.

As relevant to this order, in light of the Ninth Circuit's recent decision in *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020 (2021), the Court permitted Mr. Mabry to file a second amended complaint, which Mr. Mabry filed on August 13, 2021 at Docket 74. Mr. Mabry's SAC is substantially the same as his first

amended complaint, with the addition of allegations related to Mr. Mabry's claim against the Benefits Committee for alleged violation of ERISA § 105 and removal of the second claim for relief against Defendant Alight Solutions LLC ("Alight"), which was previously dismissed by the Court.[1] The Benefits Committee now moves to dismiss the claims alleged in the SAC.

The legal standard for evaluating a Rule 12(b)(6) motion was set forth in this Court's order on the first motion to dismiss and is again applied here.[2]

## DISCUSSION

### I. Procedural Arguments

Mr. Mabry argues that the Benefits Committee's motion fails on two procedural grounds: (1) the Benefits Committee's argument for dismissal as to his first claim for breach of fiduciary duty is barred by the Court's July 6, 2021 order on reconsideration; and (2) the Benefits Committee waived its argument against his third claim under ERISA § 105.[3]

### A. Claim 1 – ERISA § 404(a), 29 U.S.C. § 1104(a) – Fiduciary Duty

---

[1] *See* Docket 49 at 37 (January 19, 2021 Order). *Compare* Docket 16, *with* Docket 74.

[2] Docket 49 at 11–12 (January 19, 2021 Order).

[3] Docket 81 at 9–11 (Opp'n).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 2 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 2 of 11

Mr. Mabry asserts that because the Court allowed the first claim for breach of fiduciary duty to go forward against the Benefits Committee in its July 6, 2021 order on reconsideration,[4] the "instant motion is in effect a motion for reconsideration of that order based on new authority, but it fails to comply with any of the requirements of Local Civil Rule 7.3(h)."[5]

Contrary to Mr. Mabry's assertion, there has not been any ruling on the breach of fiduciary duty claim against the Benefits Committee for the Court to reconsider. ConocoPhillips Company ("ConocoPhillips") and the Benefits Committee did not previously move to dismiss the fiduciary duty claim against the Benefits Committee; rather, they sought dismissal of that claim only against ConocoPhillips, which the Court granted.[6] While ConocoPhillips and the Benefits Committee later attempted to dismiss the fiduciary duty claim against the Benefits Committee when opposing Mr. Mabry's motion for reconsideration,[7] the Court

---

[4] Docket 67 at 23–24 (Order on Reconsideration).

[5] Docket 81 at 9–10 (Opp'n).

[6] Docket 33 at 4–5 (First Mot. to Dismiss); Docket 49 at 37 (January 19, 2021 Order) ("The ConocoPhillips Defendants' motion to dismiss Mr. Mabry's First Claim for Relief for breach of fiduciary duty *against ConocoPhillips* is GRANTED." (emphasis added)). The dismissal was initially without prejudice and with leave to amend. However, Mr. Mabry did not timely file an amended complaint and the claim was thereafter dismissed with prejudice. *See* Docket 52.

Even with the Court's dismissal of that claim, Mr. Mabry's SAC realleges that ConocoPhillips violated ERISA § 404(a). Docket 74 at 17–18, ¶¶ 83–88. Mr. Mabry did not move for the Court to reconsider that claim, *see* Docket 57 at 3, and the Court again dismisses that claim against ConocoPhillips with prejudice for the reasons stated in the January 19, 2021 order and February 22, 2021 order. *See* Dockets 49, 52.

[7] Docket 62 at 10 (Opp'n to Reconsideration).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 3 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 3 of 11

declined to entertain their claim at that time because it was improperly presented in a response to a motion.[8] The Benefits Committee now properly presents its arguments for dismissal—for the first time—of Mr. Mabry's fiduciary duty claim against the Benefits Committee in its motion to dismiss. Accordingly, the Court finds that the Local Civil Rules do not procedurally bar this claim.

### B. Claim 3 – ERISA § 105, 29 U.S.C. § 1025

Pursuant to Local Civil Rule 7.1(h), Mr. Mabry asserts that the Benefits Committee waived its argument for dismissal of Mr. Mabry's claim for alleged violations of ERISA § 105 by not opposing Mr. Mabry's motion for leave to amend his complaint.[9]

Local Civil Rule 7.1(h) only addresses "a failure to respond to a non-dispositive motion" and is limited to the relief sought by the non-dispositive motion at issue. The rule does not speak to the substance of a proposed amended pleading or the validity of the claims advanced therein. While a party may choose to oppose a motion for leave to amend on the basis of futility, it does not follow that a failure to respond to a non-dipositive motion to amend automatically precludes all other subsequent dispositive motions, such as the Benefits Committee's motion

---

[8] Docket 67 at 23 (Order on Reconsideration) ("The Court agrees with Mr. Mabry that the ConocoPhillips Defendants' request is improper in this context and at this time. The ConocoPhillips Defendants did not move to dismiss Mr. Mabry's breach of fiduciary duty claim against the Benefits Committee in its motion to dismiss. Thus, there is no [order] as to this claim for the Court to reconsider.").

[9] Docket 81 at 10–11 (Opp'n).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 4 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 4 of 11

to dismiss here. Indeed, Mr. Mabry cites no authority to support this novel interpretation, and it runs counter to other federal rules of civil procedure.[10] Accordingly, the Court finds that the Local Civil Rules do not procedurally bar the motion to dismiss Mr. Mabry's ERISA § 105 claim against the Benefits Committee.

## II. Rule 12(b)(6) Arguments

### A. Claim 1 – ERISA § 404(a), 29 U.S.C. § 1104(a) – Fiduciary Duty

The Benefits Committee first asserts that Mr. Mabry's fiduciary duty claim should be dismissed because "the calculation of benefits according to a predetermined formula . . . is not fiduciary in nature and cannot support a breach of fiduciary claim as a matter of law" under the Ninth Circuit's recent decision in *Bafford*.[11]

In *Bafford*, the plaintiffs were provided grossly exaggerated benefit estimates through a third-party administrator's website based on a calculation error.[12] The Ninth Circuit held that the plaintiffs' fiduciary claims against the third-party administrator failed because "calculation of pension benefits is a ministerial function that does not have a fiduciary duty attached to it."[13] Therefore, the plan

---

[10] For example, Federal Rule of Civil Procedure 15(a)(2) permits amendment with the opposing party's written consent. Under Mr. Mabry's interpretation of Local Civil Rule 7.1(h), any time an opposing party consents to an amended pleading, it effectively waives any arguments against claims therein.

[11] Docket 79 at 7–9 (Second Mot. to Dismiss).

[12] *Bafford*, 994 F.3d at 1025.

[13] *Id.* at 1028.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 5 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 5 of 11

administrator "did not breach a fiduciary duty by failing to ensure that [the third-party administrator] correctly calculated Plaintiffs' benefits."[14]

The gravamen of Mr. Mabry's fiduciary claim is that the Benefits Committee "fail[ed] to ensure that [it] or [its] delegees provided Mr. Mabry with complete and accurate information regarding the amount of his ConocoPhillips Plan benefit."[15] Mr. Mabry received the allegedly incomplete and inaccurate information from an online system designed to calculate pension benefits.[16] Accordingly, Mr. Mabry's fiduciary duty claim against the Benefits Committee is nearly identical to the claim that the Ninth Circuit held was foreclosed in *Bafford*.

Mr. Mabry's attempts to distinguish *Bafford* are unavailing. First, while conceding that *Bafford* held that the calculation of benefits by a "predetermined formula" is not fiduciary in nature, Mr. Mabry asserts that the Benefits Committee identifies no such formula.[17] However, Mr. Mabry's SAC alleges that "Alight programmed the Total Benefits Administration system to perform benefit calculations in accordance with the requirements documents that it prepared for the ConocoPhillips Plan."[18] The SAC also alleges that Mr. Mabry received the

---

[14] *Id.*

[15] Docket 74 at 17, ¶ 85 (SAC).

[16] Docket 74 at 7–9, ¶¶ 33–44 (SAC).

[17] Docket 81 at 13 (Opp'n).

[18] Docket 74 at 8, ¶ 40 (SAC).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 6 of 11

inaccurate estimates from the programmed Total Benefits Administration System.[19] These allegations fall well within the Ninth Circuit's holding that "[c]alculating a benefit within the framework of a policy set by another entity does not involve the requisite discretion or control to constitute a fiduciary function."[20] Accordingly, by the terms of his own SAC, Mr. Mabry's fiduciary duty claim against the Benefits Committee is foreclosed by *Bafford*.

Second, Mr. Mabry attempts to recast his fiduciary duty claim as a QDRO noncompliance claim, asserting that "the problem was not with the system's application of the . . . formula, but with a failure to segregate the alternate payee's benefit as required by the QDRO and promised in the December 2008 letters."[21] But, as the Court previously discussed, "Mr. Mabry is not asserting a claim for QDRO noncompliance. Instead, Mr. Mabry's claims arise from the provision of inaccurate benefit statements to him."[22] Further, according to the SAC, the December 2008 letters were sent by ConocoPhillips, not the Benefits Committee.[23]

---

[19] Docket 74 at 11, ¶ 57 (SAC).

[20] *Bafford*, 994 F.3d at 1028.

[21] Docket 81 at 13, 16 (Opp'n) ("[T]he Benefits Committee sent Mr. Mabry individualized communications promising to segregate the alternate payee's benefit, then failed to fulfill its promise and continued to report his benefit, and allow its delegee to report his benefit, as though the alternate payee's benefit was still part of Mr. Mabry's pension").

[22] Docket 49 at 24 (January 19, 2021 Order).

[23] Docket 74 at 9–10, ¶¶ 47–48 (SAC).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 7 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 7 of 11

As such, even assuming Mr. Mabry was alleging QDRO noncompliance, which he is not, that claim would be against ConocoPhillips, not the Benefits Committee.

In conclusion, because the Court finds *Bafford* controlling here, Mr. Mabry's claim for breach of fiduciary duty against the Benefits Committee fails to state a viable cause of action. The Court further finds that in light of *Bafford,* the dismissal should be with prejudice, as it is clear that this claim cannot be saved with any amendment.[24]

### B. Claim 3 – ERISA § 105, 29 U.S.C. § 1025

The Court initially dismissed Mr. Mabry's ERISA § 105 claim against the Benefits Committee, holding that Mr. Mabry's allegation of accessing an online calculator that allowed him to calculate benefit projections on Alight's website did not "constitute[] a written request for a benefit statement under ERISA § 105."[25] However, as a result of the *Bafford* decision, where the Ninth Circuit held that "use of an online platform to request a pension benefit statement *can* satisfy the writing requirement" of ERISA § 105(a)(1)(B)(ii),[26] Mr. Mabry was permitted to file a second amended complaint, which the Court now considers in light of *Bafford*'s holding.

---

[24] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004))).

[25] Docket 49 at 31 (January 19, 2021 Order).

[26] *Bafford*, 994 F.3d at 1029.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 8 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 8 of 11

In *Bafford*, the Ninth Circuit addressed, as a matter of first impression, "whether a pension benefit estimate request via an online portal is sufficient to constitute a 'written request' for purposes of" ERISA § 105(a).[27] Section 105(a) provides that "[t]he administrator of a defined benefit plan . . . shall furnish a pension benefit statement . . . to a participant or beneficiary of the plan upon written request."[28] The Ninth Circuit upheld the district court's dismissal of the plaintiff's § 105(a) claim on the ground that it did not allege a written request because the "complaint [did] not specify which words—if any—Plaintiffs intentionally recorded in a visual form, so [the Circuit was] not able to determine whether those words [were] a sufficient [written] request to trigger the statutory obligations."[29]

Even while upholding the district court's dismissal of the § 105(a) claim, the Ninth Circuit "also conclude[d] that the statute does not limit adequate requests to only those written by hand on a piece of paper and conveyed in the postal system. In other words, an adequate electronic writing suffices."[30] The Ninth Circuit held that if a "complaint alleged facts which, if true, would show [a plaintiff's] 'intentional

---

[27] *Id.*

[28] 29 U.S.C. § 1025(a)(1)(B).

[29] *Bafford*, 994 F.3d at 1030 ("Plaintiffs' complaint did not include specific allegations about the manner in which Plaintiffs submitted their request for a pension benefit statement via the online platform.").

[30] *Id. at* 1029–30.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 9 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 9 of 11

recording of words in a visual form' that conveyed a request for a pension benefit statement, [a plaintiff's] § 1025(a)(1)(B)(ii) claim could survive."[31] Accordingly, the Ninth Circuit remanded to the district court "to permit Plaintiffs to file an amended complaint," because it determined that "Plaintiffs could plead facts adequate to allege they made written requests."[32]

Here, the SAC alleges that:

Mr. Mabry used the website to make written requests for pension benefit statements. To the best of Mr. Mabry's current recollection, to request a pension benefit statement from the website, he took steps including the following:
      i. Navigated to the ConocoPhillips benefit website;
      ii. Identified himself by typing login information into fields on the website, including his employee identification number or Social Security number;
      iii. Navigated to the retirement area of the website by selecting menu options;
      iv. Typed in his proposed benefit commencement date;
      v. Printed the resulting statement.[33]

The Court finds that Mr. Mabry has plausibly alleged a written request under *Bafford*. Mr. Mabry specified the words that he "intentionally recorded in a visual form"—by typing his employee identification number, Social Security number, and proposed benefit commencement date—that, in turn, "conveyed a request for a pension benefit statement." Accordingly, the SAC states a viable cause of action against the Benefits Committee under ERISA § 105.

---

[31] *Id.* at 1030 (quoting *Writing*, Black's Law Dictionary (11th ed. 2019)).

[32] *Id.* at 1032.

[33] Docket 74 at 12, ¶ 59D (SAC).

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 10 of 11

## CONCLUSION

In light of the foregoing, the Benefits Committee's Motion to Dismiss Mr. Mabry's Second Amended Complaint is GRANTED in part and DENIED in part as follows:

IT IS ORDERED that Claim 1 (ERISA § 404(a), 29 U.S.C. § 1104(a)) against the Benefits Committee is hereby DISMISSED WITH PREJUDICE; and Claim against ConocoPhillips Company is again DISMISSED WITH PREJUDICE.[34]

IT IS FURTHER ORDERED that the motion to dismiss is DENIED as to Claim 3, in which Mr. Mabry alleges that the Benefits Committee violated ERISA § 105, 29 U.S.C. § 1025.

DATED this 21st day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[34] *See supra* note 6.

Case No. 3:20-cv-00039-SLG, *Mabry v. ConocoPhillips Co., et al.*
Order re Defendant Benefit Committee's Motion to Dismiss Plaintiff's Second Am. Complaint
Page 11 of 11

Case 3:20-cv-00039-SLG   Document 86   Filed 12/21/21   Page 11 of 11